### J. B. DUNNEVANT v. SOUTHERN RAILWAY COMPANY.

(Filed 11 November, 1914.)

1. **Appeal and Error—Trials—Evidence—Facts Admitted.**
   The exclusion of evidence relating to facts admitted at the trial is not erroneous.

2. **Trials—Contributory Negligence—Evidence—Nonsuit.**
   A motion to nonsuit upon the evidence is properly allowed when the plaintiff's own evidence discloses such contributory negligence as bars his recovery.

3. **Carriers of Passengers—Stations—Safe Egress—Contributory Negligence —Trials—Questions for Court.**
   Where a person *sui juris* is lawfully on the platform of a railroad company, at night, with a lighted lantern near him, which he had used in going there, and knew the existing conditions, that the platform was elevated some distance from the ground and was without guard or railing at a certain place used for the handling of freight, which was a dark and dangerous place at the time; and the light from his lantern was shining upon some steps near him from the platform to the ground, a shorter distance, where the railroad had provided a railing or guard, his attempting to leave the platform, without his lantern, by the dangerous way, instead of by the safe way opened to him, is such contributory negligence, as a matter of law, as will bar his recovery in his action for damages against the railroad company for its alleged negligence in failing to provide a safe place for the use of its passengers.

APPEAL by plaintiff from *Lane, J.,* at August Term, 1913, of CASWELL. This is a civil action for personal injury. From a judgment of nonsuit the plaintiff appealed.

*E. F. Upchurch, L. M. Carlton, R. N. Simms, and W. H. Lyon, Jr., for plaintiff.*
*Manly, Hendren & Womble for defendant.*

BROWN, J. The defendant offered no evidence. The plaintiff's evidence tends to prove that he was rightfully at defendant's station at Pelham on the night of 14 June, 1912, with relatives, to see them safely on the defendant's train. The track at Pelham runs north and south.

The station is a rectangular building running parallel with the railway tracks, with a platform extending around the west, south, and east sides.

In the south end of the station are two waiting-rooms, with one door opening from each waiting-room onto the south platform. Two flights of steps lead down from the south platform, one at the west corner and one at the east corner. There is a railing extending along the edge of the south platform from one flight of steps to the other. The platforms on the west and on the east side of the station were used for loading and unloading freight, and had no railings.

On the night of the accident the plaintiff and relatives went to the station about 11:30 o'clock. Just before the accident, the plaintiff was sitting on a bench between the two waiting-room doors, on the south platform. The plaintiff had carried a lantern with him to the station, and had placed the lantern at a point on the platform between the west end of the bench on which he was sitting and the steps at the southwest corner. The plaintiff was sitting on the west end of the bench, near to the lantern. The plaintiff had been to the station often in the daytime, and was familiar with the construction of the depot and its surroundings.

According to his statement, he started to leave the platform to answer a call of nature, but instead of going down the steps at the southwest corner, which were nearest him, and across which his lantern was shining, or of taking the lantern with him, with full knowledge of the conditions, he went into the dark toward the steps at the southeast corner, went around on the platform east of the waiting-room, a distance variously estimated by plaintiff's witnesses from 1½ feet to several steps, and fell off the platform.

The platform at the west side next to the steps at the southwest corner is 4½ feet from the ground, and on the east side near the steps at the southeast corner 7 feet 3 inches from the ground.

The only exception to the evidence relates to the fact that the plaintiff was at the station for a rightful purpose, and the question which was excluded was for the purpose of showing that he carried Miss Whitlar to the station and paid her railroad fare. This is immaterial, in view of the fact that the defendant admits that the plaintiff was rightfully at the station.

We think his Honor properly sustained the motion to nonsuit. It is well settled in this State that where the plaintiff's own evidence discloses such contributory negligence as bars recovery, a motion for nonsuit should be sustained. *Royster v. R. R.,* 147 N. C., 347; *Fulghum v. R. R.,* 158 N. C., 555.

If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence. *Fulghum v. R. R.,* 158 N. C., 555;

29 Cyc., 520; *Whales v. Gas Light Co.,* 45 N. E., 363; *Johnson v. Wilcox,* 19 Atl., 939. And where a person *sui juris* knows of a dangerous condition and voluntarily goes into the place of danger, he is guilty of contributory negligence, which will bar his recovery. *Royster v. R. R., supra; Fulghum v. R. R., supra; Saunders v. Smith Realty Co.,* 86 Atl., bot. p. 405; *Columbus Ry. v. Asbell,* 66 S. E., 902; *Southern Ry. v. Rowe,* 59 S. E., 462; *Woodman v. Pitman,* 10 Atl., 321.

The plaintiff was in a place of absolute safety. He was sitting on the west end of the bench near the steps at the southwest corner of the platform. His lantern was sitting between the end of the bench and these steps. He had been to the station many times in the daytime and had full knowledge of the conditions around the station. He knew that the platform on the east side was several feet above the ground.

To use his language, "I knew there was no rail around the east platform. I could see that there was no light at all on the east platform. It was dark as pitch out there."

With full knowledge of the dangerous conditions, and with his own lantern that had lighted his way to the station sitting by his side, he voluntarily went to the east platform in the darkness, where he knew the conditions were dangerous.

He had an absolutely safe way at hand. He could have either gone down the steps at the southwest corner, which were nearest him, and which were only 4½ feet high, and across which, according to his own statement, his lantern was shining, or he could have adopted the course that the most ordinary prudence would have dictated, and carried his lantern with him to light his way.

In most respects this case is very much like the *Fulghum case,* above cited, except that the evidence of contributory negligence here, according to the plaintiff's own statement, is clearer and stronger than in that case.

The motion for nonsuit was properly sustained.

Affirmed.