MRS. KATE G. ROCKETT v. THE CITY OF ASHEVILLE

No. 6928SC403

(Filed 19 November 1969)

**1. Municipal Corporations § 14— liability for defect in street or side- walk**

A municipality may be held liable for injury to a pedestrian caused by a defect in its street or sidewalk only where it is shown that the officers of the municipality knew, or by ordinary diligence, might have known of the defect, and the character of the defect was such that injuries to travelers using its street or sidewalk in a proper manner might reason- ably be foreseen.

**2. Municipal Corporations § 14— liability for injuries to users of streets and sidewalks**

A municipality is not an insurer of persons injured while using the public streets and sidewalks of the municipality.

**3. Negligence § 35— nonsuit for contributory negligence**

Ordinarily the burden of proving contributory negligence is on defend- ant, but where the evidence of the plaintiff is so clear as to compel no other conclusion, motion for judgment of involuntary nonsuit should be sustained.

**4. Municipal Corporations § 17— injury from defect in sidewalk — contributory negligence**

In this action for personal injuries received in a fall allegedly caused by a defect in a municipal sidewalk, judgment of nonsuit on the ground of contributory negligence was properly entered where plaintiff's evidence shows that she had discovered and was aware of the defective or dangerous condition of the sidewalk prior to the accident but chose to continue her way over the area she now complains was defective.

APPEAL from *Snepp, J.,* April 1969 Civil Term BUNCOMBE Superior Court.

This is a civil action to recover damages for personal injuries allegedly sustained by the plaintiff as a result of a fall on the public sidewalk in the City of Asheville. The plaintiff, a sixty-nine-year-old woman alleged and offered evidence tending to show that on 10 February 1968 at about 2:00 P.M. she was walking in an easterly direction on the public sidewalk on the north side of Hilliard Street in the City of Asheville between Asheland Avenue and Coxe Avenue when she slipped and fell on the public sidewalk, which resulted in the injuries complained of. The plaintiff alleged that a portion of the sidewalk between Asheland Avenue and Coxe Avenue over which she was walking was "broken, depressed, torn up and covered with loose rock and gravel . . .", and that the defective condition of the sidewalk was known or ought to have been known by the defendant city, and that the plaintiff's injuries were the proximate result of the defendant's negligence in failing to keep the public sidewalk at the point where the plaintiff fell in a safe condition for pedestrian travel.

The evidence tended to show that at the time and place where the plaintiff fell the sidewalk adjacent to a parking lot was broken and cracked and covered with bits and pieces of broken concrete, round river stone and sand for a distance of eight to eighteen feet, running laterally with the street and to a width of from three to six feet running perpendicular to the street and that this portion of the sidewalk was used by heavy vehicular traffic entering the parking lot from Hilliard Street. The evidence further tended to show that the sidewalk at the point where the plaintiff fell was on an incline of fifteen to twenty degrees from Hilliard Street to the parking lot. The defendant municipality filed an answer denying negligence and alleging contributory negligence on the part of the plaintiff. At the close of the plaintiff's evidence, the defendant's motion for judgment as of involuntary nonsuit was allowed, and the plaintiff excepted and appealed to this Court assigning as error the entry of the judgment of involuntary nonsuit.

*Don C. Young for the plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes and Hyde, by O. E. Starnes, Jr., for the defendant appellee.*

HEDRICK, J.

[1]    The principles of law regarding the liability of a municipality for failing to keep its streets and sidewalks in a safe condition were

set out by Parker, J., now C.J., in *Smith v. Hickory,* 252 N.C. 316, 113 S.E. 2d 557 (1960), as follows:

> "The governing authorities of a town or city have the duty imposed upon them by law of exercising ordinary care to maintain its streets and sidewalks in a condition reasonably safe for those who use them in a proper manner. Liability arises only for a negligent breach of duty, and for this reason it is necessary for a complaining party to show more than the existence of a defect in the street or sidewalk and the injury: he must also show that the officers of the town or city knew, or by ordinary diligence, might have known of the defect, and the character of the defect was such that injuries to travellers using its street or sidewalk in a proper manner might reasonably be foreseen. Actual notice is not required. Notice of a dangerous condition in a street or sidewalk will be imputed to the town or city, if its officers should have discovered it in the exercise of due care."

These principles have been cited and quoted with approval in numerous decisions of the Supreme Court. See *Faw v. North Wilkesboro,* 253 N.C. 406, 117 S.E. 2d 14 (1960); *Waters v. Roanoke Rapids,* 270 N.C. 43, 153 S.E. 2d 783 (1967). See also G.S. 160-54.

[2]     Application of the foregoing controlling principles of law does not make a municipality an insurer of persons injured while using the public streets and sidewalks of a municipality. *Mosseller v. Asheville,* 267 N.C. 104, 147 S.E. 2d 558 (1966); *Fitzgerald v. Concord,* 140 N.C. 110, 52 S.E. 309 (1905).

[3, 4]     The pleadings and evidence of the instant case raise the issues of the actionable negligence of the defendant and the contributory negligence of the plaintiff. We hold that the judgment of nonsuit was properly entered, if not on the principal question of liability, then upon the ground of contributory negligence. *Houston v. Monroe,* 213 N.C. 788, 197 S.E. 571 (1938); *Watkins v. Raleigh,* 214 N.C. 644, 200 S.E. 424 (1939). Ordinarily the burden of proving contributory negligence is on the defendant but where the evidence of the plaintiff is so clear as to compel no other conclusion, the law requires that the Court sustain the motion for judgment of involuntary nonsuit. As stated by Lake, J., in *Waters v. Roanoke Rapids, supra:*

> "The motion for judgment of nonsuit could be sustained on the ground of contributory negligence by the plaintiff only if the plaintiff's evidence, construed most favorable to her, established so clearly that no other conclusion can reasonably be drawn therefrom that the plaintiff, as she walked upon this sidewalk,

failed to exercise the care which a reasonable person would have exercised in so walking at that time and place."

The plaintiff testified that she was returning to her home from the southern part of the city to the northern part of the city and that when she came to the intersection of Hilliard Street and Asheland Avenue she decided to walk on the sidewalk on the northern side of Hilliard Street because: "I thought it would be nearer for me to cut through there than it was the other way. . . ." The plaintiff testified that on going from her home to the southern part of the city she had travelled along Asheland Avenue from Patton Avenue. The evidence is clear that the plaintiff had a choice of routes from the intersection of Asheland Avenue and Hilliard Street. The plaintiff fell less than one block from the point where she made the decision to walk along the northern side of Hilliard Street. The plaintiff further testified:

> "This sidewalk that I was walking on, I couldn't hardly tell what kind of material it was made of, it was so broken up. Before I got to this place in the sidewalk, it looked like it was made out of cement. It was about eight feet wide. It was downhill, it was slanting like this in there where I fell, where my foot slipped.
>
> "I came to a place where it was, it had sunk down, the place had, and it looked like there were little gravels all over it, and it was broken up, and right next to it was a parking lot. I couldn't go above it, and cars on this side, I couldn't go on that side, so I thought I would cross it, and I got about three steps when my foot slipped, and I couldn't catch, and it throwed me back over, and this hip hit the sidewalk way over there, and that is when it broke my hip."

On cross-examination, the plaintiff testified:

> "I remember about what time of day it was when I fell. It was about 2:00 in the afternoon. I had my glasses on. I was by myself. It was a clear day, the sun was shining, but it was cold."

**[4]**    Clearly the plaintiff had discovered and was aware of any defective or dangerous conditions prior to undertaking to traverse the allegedly defective portion of the sidewalk described as being from eight to eighteen feet in length and three to six feet in width. Apparently the plaintiff determined that the route over the depressed and broken section of the sidewalk presented less perils than undertaking to walk in the edge of Hilliard Street or passing the area by way of that portion of the sidewalk immediately adjacent to the

parking lot. Once the plaintiff had discovered the defective area, which she now contends was dangerous and unsafe, she was under a duty for her own safety, to exercise a degree of care commensurate with the danger or appearance thereof. *Watkins v. Raleigh, supra; Ferguson v. Asheville*, 213 N.C. 569, 197 S.E. 146 (1938).

After considering the evidence in the light most favorable to the plaintiff, we believe that, after discovering the defective condition of the sidewalk, for her own convenience she thought she was choosing the least perilous of the three dangerous routes. Prudence, rather than convenience, should have motivated the plaintiff's choice. The plaintiff was not compelled to undertake to traverse the area at all. Although it may have been inconvenient, the plaintiff could have returned to the corner of Hilliard Street and Asheland Avenue. As was said in *Dunnevant v. R. R.*, 167 N.C. 232, 83 S.E. 347 (1914), quoted by Schenck, J., in *Groome v. Statesville*, 207 N.C. 538, 177 S.E. 638 (1935):

> " 'If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence. . . . And where a person *sui juris* knows of a dangerous condition and voluntarily goes into the place of danger, he is guilty of contributory negligence, which will bar his recovery.' "

As to the negligence of the defendant city, we are cited by the appellants to numerous decisions of the Supreme Court of North Carolina: *Bunch v. Edenton*, 90 N.C. 431; *Fitzgerald v. Concord, supra; Radford v. Asheville*, 219 N.C. 185, 13 S.E. 2d 256 (1941); *Ferguson v. Asheville, supra; Lumber Co. v. Perry*, 212 N.C. 713, 194 S.E. 475 (1938); *Waters v. Roanoke Rapids, supra.*

An examination of all of these cases reveals that each is factually distinguishable in that the defective or dangerous condition of the public street or sidewalk complained of was concealed or was not discovered by the plaintiff prior to the incident causing the personal injury. As pointed out in the instant case, the plaintiff obviously knew or had discovered that the sidewalk was defective; nevertheless, she chose to continue her way along Hilliard Street over the area she now complains was defective. We believe her action in doing so was contributory negligence as a matter of law. The judgment of the Superior Court of Buncombe County of 29 April 1969 is affirmed.

MALLARD, C.J., and MORRIS, J., concur.