GRACE WYRICK v. K-MART APPAREL FASHIONS CORP.

No. 8823SC971

(Filed 18 April 1989)

**Negligence § 58— fall over water hose in store—contributory negligence**

> Summary judgment was properly entered for defendant in plaintiff's action to recover for injuries sustained when she caught her foot on a water hose lying across the aisle in the garden shop of defendant's store and fell to the cement floor where plaintiff presented evidence that she saw the hose and attempted to step over it and that she could have gone around the area where the hose was located to reach her destination.

APPEAL by plaintiff from *Rousseau (Julius A., Jr.), Judge.* Order entered 20 June 1988 in Superior Court, YADKIN County. Heard in the Court of Appeals 23 March 1989.

Plaintiff seeks to recover for injuries sustained when she caught her foot on a water hose lying across the aisle in the garden shop in defendant's store and fell to the cement floor. The trial court granted summary judgment for defendant. Plaintiff appeals.

## WYRICK v. K-MART APPAREL FASHIONS

[93 N.C. App. 508 (1989)]

*Franklin Smith for plaintiff-appellant.*

*Finger, Watson, di Santi & McGee, by Anthony S. di Santi, for defendant-appellee.*

LEWIS, Judge.

Plaintiff was an invitee at K-Mart. She went to the store's garden shop to purchase a plant and some potting soil. As she started walking toward a display, she saw "this garden hose where they water down . . . the flowers, and I started over it, which I thought I could have made it." Plaintiff caught her foot in the garden hose and fell. She testified that instead of walking across the garden hose, she could have gone "all the way back around and went the long way" to reach her destination.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Even in a negligence action, summary judgment is proper if the forecast of evidence fails to show defendant's negligence, establishes plaintiff's contributory negligence or shows defendant's alleged negligence was not the proximate cause of plaintiff's injury. *Hale v. Power Co.*, 40 N.C. App. 202, 252 S.E. 2d 265, *cert. denied*, 297 N.C. 452, 256 S.E. 2d 805 (1979). In affirming summary judgment for the defendant in *Jacobs v. Hill's Food Stores, Inc.*, 88 N.C. App. 730, 364 S.E. 2d 692 (1988), this Court stated:

> This evidence shows that the concrete block was an obvious condition and that plaintiff either knew or should have known of the location of the concrete block on the walkway. Defendant had no duty to warn plaintiff of an obvious condition. Thus, plaintiff's own evidence establishes that defendant did not breach any duty owed to plaintiff. Moreover, plaintiff's own testimony demonstrates her own negligence in failing to watch where she was walking.

*Id.* at 733, 364 S.E. 2d at 694. When an invitee sees an obstacle not hidden or concealed and proceeds with full knowledge and awareness, there can be no recovery. *Stansfield v. Mahowsky*, 46 N.C. App. 829, 266 S.E. 2d 28, *disc. rev. denied*, 301 N.C. 96, 273 S.E. 2d 442 (1980).

Summary judgment was properly entered.

Affirmed.

Judges ARNOLD and GREENE concur.