MARGIE LEAN DUNBAR, Plaintiff v. CITY OF LUMBERTON, a Municipal
Corporation, Defendant

No. 9116SC409

(Filed 17 March 1992)

**Negligence § 13.1 (NCI3d)— tree branches left on property—fall
by property owner—contributory negligence**

   The trial court did not err in a negligence action by grant-
ing a directed verdict for defendant based on contributory
negligence where plaintiff's neighbor asked defendant to remove
a tree which had been struck by lightning and which hung
precariously over power lines and over his house; cuttings
were discarded on both the neighbor's and plaintiff's property;
plaintiff could not pull into her driveway when she arrived
home from work because of the branches; plaintiff was forced
to go to the side of her porch where she sat down, rotated
her legs around, and then stood up in order to enter her
house; the neighbor and plaintiff's son-in-law attempted to clear
a path for her from her car to her front steps; plaintiff kept
her back door locked due to break-ins and did not use it for
entry and exit; plaintiff carefully made her way to her car
the next morning by stepping in and out of branches; she
realized she had left a bag of clothes in her car and did not
want them to remain there because of the risk of theft; plaintiff
began to return to her house with the clothes the same way
she had come; she stepped on one of the branches and fell,
twisting her back, and then crawled to the house; and, after
several hours, plaintiff went out the back door, made her way
to her car, and drove to the hospital. Plaintiff was contributori-
ly negligent because her own testimony reflected that, in spite
of her recognition of a hazardous condition, she thought she
could make her way through the area if she was careful. She
had two safe routes to travel from her house to her car, both
of which presented safer alternatives than the path which
forced her to negotiate her way in and out of the tree cuttings.

**Am Jur 2d, Negligence §§ 876, 880, 894.**

   **Tree or limb falls onto adjoining private property: per-
sonal injury or property damage liability. 54 ALR4th 530.**

**DUNBAR v. CITY OF LUMBERTON**

[105 N.C. App. 701 (1992)]

APPEAL by plaintiff from Judgment entered 15 October 1990 by *Judge B. Craig Ellis* in ROBESON County Superior Court. Heard in the Court of Appeals 20 February 1992.

*Britt & Britt, by William S. Britt, for plaintiff appellant.*

*McLean, Stacy, Henry & McLean, by H. E. Stacy, Jr., for defendant appellee.*

COZORT, Judge.

Plaintiff brought an action to recover damages from the City of Lumberton for injuries she sustained from tripping on some tree branches on her property. She alleged negligence, gross negligence, trespass and strict liability as theories of recovery in her complaint. At the close of plaintiff's evidence, the trial court granted the defendant's motion for a directed verdict as to all of plaintiff's claims except for her trespass claim, which was later settled. The trial court found that although plaintiff established negligence on the part of defendant, her own contributory negligence barred her claim as a matter of law. We agree and thus affirm.

Plaintiff's evidence at trial demonstrated that in June of 1984, the plaintiff's neighbor, Mr. Carl Rogers, asked the City of Lumberton to remove from his property a large tree which had been struck by lightning and had branches that hung precariously over power lines and over his house. After one work crew initially only completed part of the job, another group of workers was dispatched to cut the remaining limbs on 22 June 1984. The work crew cut down both the trunk and limbs of the tree, and discarded the cuttings on Mr. Rogers' and plaintiff's property. The limbs and branches on plaintiff's property stretched across the yard from her front porch to Dresden Avenue.

Plaintiff arrived home from work that day and could not pull her car into the driveway because of the branches. To get into her house, plaintiff was forced to go to the side of her porch where she sat down, rotated her legs around, and then stood up. Later that evening, Mr. Rogers and plaintiff's son-in-law attempted to clear a path for plaintiff from her front steps to her car by moving some of the branches. Plaintiff did not use her back door for entry and exit because she kept the door locked at all times due to several past break-ins.

The next morning, plaintiff carefully made her way from the front door to her car by stepping in and out of the branches. When plaintiff arrived at her destination, she realized she had left a bag of old clothes in the car. The plaintiff did not want to leave the bag in her car while she was at the market, because she thought someone might steal the clothes. She started to take the clothes back into the house. She made her way to the house through the branches the same way she had come. On her return trip to the car, plaintiff lost her balance when she stepped on one of the branches, fell down, and twisted her back. Plaintiff crawled back to the house. After several hours, she went out the back door, made her way to her car, drove to the hospital, and was treated for her injury. The trial court found this evidence established both defendant's negligence and plaintiff's contributory negligence. The only issue presented is whether the trial court erred in granting the defendant's motion for a directed verdict by finding the plaintiff to have been contributorily negligent as a matter of law.

When the granting of a motion for a directed verdict is appealed to this Court, our task is identical to that of the trial court. This task is to determine whether the evidence, when considered in the light most favorable to the nonmovant, was sufficient to have been submitted to the jury. *Harshbarger v. Murphy*, 90 N.C. App. 393, 395, 368 S.E.2d 450, 451 (1988). In the present case, as in any case when a defendant moves for a directed verdict on the grounds of plaintiff's contributory negligence, the question becomes whether the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inferences or conclusions may be drawn therefrom. *Hicks v. Food Lion, Inc.*, 94 N.C. App. 85, 90, 379 S.E.2d 677, 680 (1989).

It is a basic legal tenet that the law imposes upon a person the duty to use due care to protect himself or herself from injury, and the degree of care should be commensurate with the danger to be avoided. *Rosser v. Smith*, 260 N.C. 647, 653, 133 S.E.2d 499, 503 (1963). Furthermore, it is well settled that a person is contributorily negligent if he or she knows of a dangerous condition and voluntarily goes into a place of danger. *Cook v. Winston-Salem*, 241 N.C. 422, 430, 85 S.E.2d 696, 701-02 (1954).

The law of our State is filled with several illustrations of these precepts. For example, in *Rockett v. City of Asheville*,

6 N.C. App. 529, 170 S.E.2d 619 (1969), this Court upheld the trial court's finding the plaintiff to be contributorily negligent where the plaintiff observed a defective and dangerous condition of a sidewalk, but decided to traverse the depressed and broken section. The Court held that once plaintiff discovered the defective area which she knew to be dangerous, she was under a duty for her own safety to exercise a degree of care commensurate with the danger or appearance thereof. *Id.* at 533, 170 S.E.2d at 621. " ' "If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence." ' " *Id.* (quoting *Dunnevant v. R.R.*, 167 N.C. 232, 83 S.E. 347 (1914) ). The Court stated:

> After considering the evidence in the light most favorable to the plaintiff, we believe that, after discovering the defective condition of the sidewalk, for her own convenience she thought she was choosing the least perilous of the three dangerous routes. Prudence, rather than convenience, should have motivated the plaintiff's choice. The plaintiff was not compelled to undertake to traverse the area at all. Although it may have been inconvenient, the plaintiff could have returned [another way].

*Id.*

In another case, *Wyrick v. K-Mart Apparel Fashions*, 93 N.C. App. 508, 378 S.E.2d 435 (1989), plaintiff was a business invitee in a department store. While shopping, she saw a garden hose where the floor was watered down. While trying to step over the hose, she caught her foot and tripped. She admitted she could have returned to where she started and gone the long way to get to where she was going. *Id.* at 509, 378 S.E.2d 435. The Court held that when an invitee sees an obstacle not hidden or concealed and proceeds with full knowledge and awareness, there can be no recovery. *Id.*, 378 S.E.2d at 436.

Applying the general principles and rationale enunciated in these cases, we find the plaintiff to have been contributorily negligent. Plaintiff, while carrying a ten-pound bag of clothing, tried to maneuver her way through several large limbs and branches which had been left on her lawn. Plaintiff's own testimony reflected that in spite of her recognition of a hazardous condition, she thought if she was very careful, she could make her way safely through

the area by slowly stepping on and over tree branches lying in her path. Plaintiff had two safe routes to travel from her house to the car. She used the first way, by going to the end of the porch and climbing onto the porch, when she initially discovered the branches. She used the second passage, through her back door, after suffering her fall. Both presented safer alternatives than the path which forced plaintiff to negotiate her way in and out of the tree cuttings. For these reasons, we find plaintiff's actions to have constituted contributory negligence as a matter of law and to have been a proximate cause of her injury.

Affirmed.

Judges JOHNSON and GREENE concur.