***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matter of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated and there is no question as to mis-joinder or non-joinder of parties.
3. Plaintiff is a citizen and resident of Columbia, South Carolina.
4. Defendant North Carolina Department of Transportation is a State agency, and the named allegedly negligent State employee is D.C. Smith, defendant's division roadside environmental engineer.
5. Plaintiff's injury occurred at approximately 9:00 a.m. on December 30, 1999 at the rest area located on the southbound side of Interstate-95 in Johnston County, near mile marker 97 in Selma.
6. The weather at the time and place of the incident was clear and there was no rain, ice or snow.
7. Plaintiff's photographs of the area where plaintiff fell were admitted into evidence.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 30, 1999, plaintiff, then age 63, and his wife stopped at the southbound I-95 rest area near Selma, North Carolina, at approximately 9:00 a.m. While Mrs. Webb was in the restroom, plaintiff exited his car to purchase a newspaper. Instead of using the paved sidewalk to walk from the parking lot to the newsstand, plaintiff chose to cut across the grass.
2. When nearing the newspaper rack, plaintiff stepped from the grass into a shrub bed covered in pine straw. The pine straw completely obscured the metal landscape-edging border around the shrub bed. The metal border was brown in color and was installed by defendant approximately three inches above the ground. Plaintiff's foot became caught between the metal edging, which was underneath the pine straw, and the concrete sidewalk. Plaintiff fell, landed on the sidewalk, and fractured his left knee and left elbow. Plaintiff's injuries required medical treatment and rehabilitation.
3. Plaintiff testified that he did not use the paved sidewalk and chose the shortest route to the newspaper kiosk because of his arthritis in the spine. After crossing the grass and before stepping onto the sidewalk to reach the newspaper machine, plaintiff stepped directly on the pine straw instead of on the clear, paved concrete walkway because, although he looked at the shrubbery bed and saw the pine straw, it appeared to be "benign."
4. Mrs. Webb testified that the day after plaintiff's accident, she went back to the rest area to take photographs. She observed that in the area where plaintiff fell, the pine straw covered the metal landscaping border. Until Mrs. Webb brushed back the pine straw, she could not see the landscape border at all.
5. At the time of the injury, defendant contracted with Archie Artis Landscaping to perform weekly routine landscaping maintenance duties and provide reports to defendant. Artis Landscaping was responsible for mulching and putting pine straw in the shrub beds once a year, usually in December or January. Artis Landscaping also mowed and edged once a week during the growing season, from April through October. Mr. Artis received monthly inspection reports from George Harrell, rest area manager, in which Mr. Harrell checked planting beds and grass, determined if pesticide spraying was needed, and made sure that all paved surfaces and the beds were edged and trimmed properly. However, Mr. Artis did not receive monthly inspection reports from Mr. Harrell from November 1999 though the end of the contract period in March 2000. The last monthly report in October 1999 did not contain any reprimands about Artis Landscaping's edging of the shrubbery beds.
6. Don Smith, Mr. Harrell's supervisor at the time of plaintiff's accident and the named State employee, testified that it was not his duty to personally inspect each of the rest areas, but that he delegated that job duty to Mr. Harrell. Mr. Harrell was to inspect the rest areas two to three times per week for cleanliness, plumbing problems, vandalism, and ground maintenance, including potential safety hazards. Specifically, it was Mr. Harrell's responsibility to inspect the area and make sure that the grass was edged off the metal landscaping border. Mr. Smith testified that it was routine maintenance practice to keep pine straw and grass edged away from the metal border. Defendant had received no prior complaints about the metal landscaping border and was not aware of any prior falls or accidents involving the metal border.
7. Under the Department of Transportation policies and procedures in effect on December 30, 1999, defendant's named employee Don Smith, as the supervisor of Mr. Harrell, owed plaintiff a duty to exercise ordinary care to maintain in a reasonably safe condition the rest area adjoining Interstate 95. The evidence showed that Mr. Harrell either failed to properly inspect the rest area or failed to complete monthly inspection reports for the month prior to plaintiff's accident, November 1999. As a result of Mr. Harrell's failure to properly inspect and file inspection reports, Artis Landscaping was not reprimanded for its failure to properly edge and maintain the pine straw and grass surrounding the shrub bed. The negligence of defendant's agents proximately caused plaintiff's accident.
8. While defendant breached its duty to maintain the rest area by failing to properly inspect the rest area for potential safety hazards and specifically to keep pine straw edged away from the metal landscaping border, plaintiff's injuries were caused by his failure to exercise ordinary care and to keep a proper lookout where he was walking when he chose not to utilize the sidewalk provided for safe passage to the rest area. Plaintiff was negligent in that he failed to adequately observe the area where he was walking and failed to exercise ordinary care when he stepped into an area that was a landscaped section for shrubs and other plants and that was clearly not a walkway. Plaintiff had a clear, safe route of travel if he walked on the sidewalk. Plaintiff could see the shrub bed, which was bordered by grass on one side and a sidewalk on the other. Given the choice of walking on the sidewalk or stepping into the landscaped shrub bed, plaintiff failed to exercise ordinary care when he stepped into the landscaped bed, and his decision to ignore the safe route constitutes contributory negligence. Even though the edging was covered by the pine straw, it was apparent that pine straw was not a surface intended for foot travel and, therefore, it was unreasonable for plaintiff to walk on the shrub bed when a clear sidewalk was available specifically for the purpose of pedestrian travel.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Our courts have held that the State has a duty to exercise reasonable care in maintaining its premises for the protection of lawful visitors. Nelson v. Freeland, 349 N.C. 615, 507 S.E.2d 882 (1998). The issues to be addressed are whether the State acted as a reasonable person under the circumstances and whether a person of ordinary prudence could have reasonably foreseen that its actions would cause some injury. Id;Bolkhir v. N.C. State Univ., 321 N.C. 706, 365 S.E.2d 898 (1988).
2. A claimant whose negligence has contributed to his injury cannot recover under the Tort Claims Act. N.C. Gen. Stat. § 143-299.1. "Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to do so, and if he fails to exercise such care . . . he is guilty of contributory negligence. Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." Clark v. Roberts, 263 N.C. 336,343, 139 S.E.2d 593, 597 (1965). A person is contributorily negligent if he knows of a dangerous condition and voluntarily goes into the dangerous condition. Dunbar v. City of Lumberton, 105 N.C. App. 701, 414 S.E.2d 387
(1992). "If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence." Rockett v. City ofAsheville, 6 N.C. App. 529, 533, 170 S.E.2d 619, 621 (1969).
3. In the present case, plaintiff proved negligence, as defendant failed to follow their own maintenance guidelines, creating the condition which caused plaintiff's injury. However, plaintiff was contributorily negligent when, for his own convenience, he chose not to utilize the clear, paved sidewalk, cut across the grass, and stepped into thick pine straw that obstructed a corner of a landscaped shrub bed. As a result of his contributory negligence, plaintiff is barred from any relief since any damages or injuries suffered or incurred were proximately caused by his failure to act as a reasonably prudent person in the circumstances then and there existing. N.C. Gen. Stat. § 143-299.1; Dunbar v. City ofLumberton, supra.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim is hereby DENIED.
2. The parties shall pay their own costs.
This 26th day of September 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER