BRENDA K. BRANHAM, Plaintiff,
v.
JULIUS GRANT JACKSON, Defendant.
No. COA08-1254
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Bain, Buzzard & McRae, LLP, by Robert A. "Tony" Buzzard, for plaintiff-appellant.
Walker, Allen, Grice, Ammons & Foy, LLP, by Ron D. Medlin, Jr., for defendant-appellee.
STEELMAN, Judge.
Where plaintiff failed to exercise due care to avoid known dangerous conditions to protect herself from injury, she was contributorily negligent and the trial court properly granted summary judgment in favor of defendant.

I. Factual and Procedural Background
On 6 October 2002, at approximately 8:35 p.m., defendant was driving a vehicle on Rural Public Road 1769 near the town of Erwin, North Carolina. Defendant lost control of his vehicle and ran off the side of the road causing damage to plaintiff's property. Plaintiff's front yard was left with debris from defendant's vehicle, a broken telephone and light pole, and portions of trees and other shrubbery that had been destroyed. Plaintiff's insurance agent advised plaintiff's husband not to remove the debris or repair any damage until an insurance claims adjuster could review the property. On 12 October 2002, six days after the accident occurred, plaintiff attempted to cross her yard in order to retrieve her mail from the mailbox located across the street and to the left of her residence. While walking in a diagonal direction across her yard, plaintiff stepped in a hole that was hidden by overgrown grass and fell, resulting in personal injury.
On 19 September 2006, plaintiff filed a complaint seeking monetary damages for personal injuries incurred as a result of the fall. Plaintiff also alleged she had "suffered mental injuries and distress, suffered permanent injuries, was prevented from transacting her business, suffered great pain of body and mind and incurred expenses from medical attention and hospitalization in an amount not yet determined." On 15 December 2006, defendant filed an answer admitting that he had lost control of his vehicle, ran off the side of the road, and had failed to keep his vehicle under proper control. Defendant denied all of the other material allegations contained in plaintiff's complaint. Defendant's answer also raised the affirmative defenses of contributory negligence and in the alternative, the lack of proximate cause, as bars to plaintiff's action.
On 26 April 2007, plaintiff was deposed and gave a detailed account of the events surrounding her fall. On 8 August 2007, defendant moved for summary judgment. On 2 November 2007, the trial court entered an order granting defendant's motion. Plaintiff appeals.

II. Standard of Review
This Court reviews a trial court's ruling on a motion for summary judgment de novo. Coastal Plains Utils., Inc. v. New Hanover Cty., 166 N.C. App. 333, 340-41, 601 S.E.2d 915, 920 (2004). The entry of summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). Evidence is viewed in the light most favorable to the non-moving party. Caldwell v. Deese, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975).

III. Analysis
In her sole argument on appeal, plaintiff contends the trial court erred in granting defendant summary judgment on the grounds that she had established a prima facie case of negligence and that there were genuine issues of material fact as to whether she was contributorily negligent. We disagree.
"The purpose of summary judgment is to eliminate formal trials where only questions of law are involved by permitting penetration of an unfounded claim or defense in advance of trial and allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed." Moore v. Fieldcrest Mills, Inc., 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979) (citation omitted). While summary judgment is rarely appropriate in cases involving ordinary and contributory negligence, summary judgment may be properly granted "where the evidence establishes the plaintiff's own negligence so clearly that no other reasonable conclusion may be reached[.]" Nicholson v. American Safety Utility Corp., 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997) (citation omitted). The burden of proving contributory negligence lies with the defendant. Id.
It is a long-standing legal tenet that "[t]he law imposes upon a person sui juris the obligation to use ordinary care for his own protection, and the degree of such care should be commensurate with the danger to be avoided." Rice v. Lumberton, 235 N.C. 227, 236, 69 S.E.2d 543, 550 (1952). Further, where a person knows of or in the exercise of reasonable care, should be aware of a dangerous condition, and voluntarily goes into the place of danger, that person is guilty of contributory negligence. Taylor v. Walker, 320 N.C. 729, 735, 360 S.E.2d 796, 800 (1987).
These principles have been applied in a number of "slip and fall" cases that have been presented before our appellate courts. See, e.g., Broadaway v. King-Hunter, Inc., 236 N.C. 673, 73 S.E.2d 861 (1953); Dunnevant v. R.R., 167 N.C. 232, 234, 83 S.E. 347 (1914); Dunbar v. City of Lumberton, 105 N.C. App. 701, 414 S.E.2d 387 (1992); Wyrick v. K-Mart Apparel Fashions, 93 N.C. App. 508, 378 S.E.2d 435 (1989); Rockett v. City of Asheville, 6 N.C. App. 529, 170 S.E.2d 619 (1969). The general rule derived from this prior case law is that when a plaintiff is faced with alternate routes of travel, including one path that is known to be dangerous while the other is safe, the plaintiff's choice to forego the less perilous path for the dangerous alternative constitutes contributory negligence. See Dunnevant, 167 N.C. at 234, 83 S.E. at 348. Our analysis in Dunbar v. City of Lumberton is particularly instructive based upon the factual similarities of that case to the instant case.
In Dunbar, Lumberton city employees had cut down tree limbs that were dangerously hanging over power lines. The cuttings were discarded on the plaintiff's property, leaving limbs and branches across the yard up to her front porch. When the plaintiff arrived home later that same day, she was unable to park her car in the driveway due to the debris. The plaintiff had three alternative routes to enter her residence: (1) "go to the side of her porch where she [could sit] down, rotate[] her legs around, and then [stand] up[;]" (2) attempt to step in and out of the branches to reach the front porch; or (3) use the back door for entry and exit. Dunbar, 105 N.C. App. at 702-03, 414 S.E.2d at 388.
The plaintiff initially chose the first alternative. The next morning, the plaintiff decided to make her way from the front porch to her driveway by carefully stepping in between the branches. The plaintiff returned home and entered the residence the same way she had come out that morning. Plaintiff subsequently attempted to return to her vehicle and lost her balance when she stepped on one of the branches. The plaintiff fell down, twisted her back, and crawled back to the residence. Several hours later, the plaintiff exited the residence via the back door and drove herself to the hospital. Id. at 703, 414 S.E.2d at 388.
The sole issue brought forward on appeal was whether the trial court erred by finding the plaintiff to have been contributorily negligent as a matter of law. This Court reasoned:
Plaintiff's own testimony reflected that in spite of her recognition of a hazardous condition, she thought if she was very careful, she could make her way safely through the area by slowly stepping on and over tree branches lying in her path. Plaintiff had two safe routes to travel from her house to the car. She used the first way, by going to the end of the porch and climbing onto the porch, when she initially discovered the branches. She used the second passage, through her back door, after suffering her fall. Both presented safer alternatives than the path which forced plaintiff to negotiate her way in and out of the tree cuttings. For these reasons, we find plaintiff's actions to have constituted contributory negligence as a matter of law and to have been a proximate cause of her injury.
Id. at 704-05, 488 S.E.2d at 389 (emphasis added). Although we note that in Dunbar, this Court reviewed an order granting a motion for a directed verdict, rather than a motion for summary judgment, the threshold question before the trial court in either stage of litigation is whether there is sufficient evidence of contributory negligence on part of the plaintiff to bar his or her claim. Therefore, the reasoning and holding in Dunbar is applicable to the instant case.
Plaintiff testified that on the day after the accident occurred, plaintiff viewed the extent of the damage to her property and called her insurance company to submit a claim. During the phone conversation, plaintiff informed the insurance agent that she was worried about the children in the neighborhood based on the potential hazards located on and around her front yard. Plaintiff also called her neighbors to warn them about the conditions of her yard.
Plaintiff spent the majority of that week inside her residence until she checked her mail on Thursday, 10 October 2002. On that day, she walked to the mailbox "a different way than [she] would usually go." Plaintiff exited the side door, walked down the steps and up the driveway to the road, turned left and crossed the street. Plaintiff took the same route to return to the residence and did not, at any time, walk through the yard. She did not leave her residence again until Saturday, 12 October 2002.
At approximately 8:00 p.m. on Saturday, plaintiff decided to get her mail. Plaintiff took a direct route to the mailbox by walking out her front door, down the steps, and in a diagonal direction across her yard. Plaintiff admitted, "[she] didn't think" and stated that this was the path she had taken to the mailbox for twelve years. Plaintiff subsequently stepped into a softball-sized hole that was covered with overgrown grass and fell to the ground.
Based on the reasoning in Dunbar and long-standing precedents of this jurisdiction, we hold plaintiff was contributorily negligent as a matter of law for acknowledging the dangerous conditions located within her front yard and failing to take the safer alternative route to her mailbox to avoid these conditions and protect herself from injury.
This argument is without merit. AFFIRMED.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).