***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen and the briefs before the Full Commission. The appealing party has shown good grounds to reconsider the evidence and amend the Decision and Order. Accordingly, the Full Commission vacates the Decision and Order of Deputy Commissioner Gillen and enters the following Decision and Order.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. On April 23, 2004, Plaintiff was injured when the railing that she was using to support herself while standing in a bathtub pulled free from the wall.
2. At the time of her injury, Plaintiff was an inmate at the North Carolina Correctional Institution for Women. As a result of a prior injury to her right ankle, Plaintiff had recently undergone surgery in which a portion of her pelvic bone was transplanted to her ankle. The cast over her ankle had been removed the prior day, and Plaintiff still had sutures in her ankle as a result of the surgery. Because she was unable to put weight on her ankle, Plaintiff was using a wheelchair to get around.
3. On April 23, 2004, Plaintiff stood up in the bathtub to dry herself. When she reached for the handicap railing to help herself up, however, the railing came out of the wall. Plaintiff landed half on her wheelchair and half on the tub, and hit her injured ankle on the bathtub in the process.
4. Plaintiff was taken immediately to the institution's emergency department, where she was x-rayed and diagnosed as having bruised her right ankle. She was assured, however, that there was no major issue with it, and that the fall had not damaged her ankle any further.
5. Plaintiff testified before the Deputy Commissioner that she was familiar with the process by which a problem such as a loose railing should be reported to an corrections officer, after which the problem would be fixed. In fact, Plaintiff was aware of at least one prior instance in which the railing in that bathroom had been loose, and had subsequently been fixed.
6. Plaintiff further testified that, two or three days before her fall, she had noticed that the railing was loose while she was taking a bath. There is no evidence that Plaintiff informed anyone at that time or at any other time prior to her fall that the railing was loose. *Page 3 
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claim Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Contributory negligence is a defense against a claim filed under the Tort Claims Act. N.C. Gen. Stat. § 143-299.1. A person is contributorily negligent if she knows of a dangerous condition and voluntarily goes into the dangerous condition. Dunbar v. City ofLumberton, 105 N.C. App. 701, 414 S.E. 2d 387 (1992).
4. Plaintiff's injury was due to her relying on a railing that, just two days prior, she had noticed was loose, and which Plaintiff also knew had been loose and had to be repaired at least once before. Plaintiff knew or should have known on April 23, 2004, that the loose rail might not support her, but she placed her weight on it anyway. The Full Commission therefore concludes that, regardless of whether Defendant's actions constitute negligence, Plaintiff's claim is barred by her own contributory negligence. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following: *Page 4 
 ORDER
1. Plaintiff's tort claim is hereby DENIED.
2. Defendant shall bear the costs of this action.
This the 15th day of October, 2009.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ STACI T. MEYER COMMISSIONER
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER *Page 1