IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-721

Filed: 1 March 2016

Johnston County, No. 13 CVS 2772

DANIEL GERALD BLACKMON, Plaintiff,

v.

TRI-ARC FOOD SYSTEMS, INC., d/b/a BOJANGLES, Defendant.

Appeal by plaintiff from order entered 9 February 2015 by Judge Robert F. Floyd, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 2 December 2015.

> *Patterson Dilthey, LLP, by Ronald C. Dilthey; and Lucas Denning & Ellerbe, P.A., by Robert V. Lucas and Sarah E. Ellerbe, for plaintiff-appellant.*

> *Goldberg Segalla LLP, by Leigh R. Trigilio and John I. Malone, Jr., for defendant-appellee.*

ZACHARY, Judge.

Daniel Blackmon (plaintiff) appeals from an order granting summary judgment in favor of Tri-Arc Food Systems, Inc., d/b/a Bojangles (defendant) on plaintiff's claim for damages based on defendant's negligence in designing and maintaining its parking lot. On appeal plaintiff argues that the trial court erred by entering summary judgment, on the grounds that there were genuine issues of material fact regarding defendant's negligence. We disagree.

## I. Background

The essential facts are not disputed and may be summarized as follows: In December 2008, plaintiff was thirty-seven years old and was employed as a third shift employee at Talecris Plasma Resources, located on Highway 70 in Clayton. After completing his shift on 26 December 2008, plaintiff drove to the Bojangles restaurant located at the intersection of Highway 70 and Shotwell Road, arriving just before 8:00 a.m.

Bojangles is a fast food restaurant offering both drive-through and interior food service. Bojangles has a parking lot with marked parking spaces for the use of its customers. Plaintiff, however, chose not to park in a marked space in the parking lot. Instead, plaintiff parked his truck in front of the restaurant along the curb of the main driveway through Bojangles, an area with two-way traffic going east and west. This was an unmarked stretch of roadway that had neither marked parking spaces nor signs prohibiting parking. Plaintiff testified that he parked in this area because he was driving a crew cab truck approximately twenty-two feet long, and his truck would not fit into the marked parking spaces in the Bojangles parking lot, the longest of which was nineteen feet long. In addition, he wanted to be able to observe his truck while he ate. Plaintiff testified that he had chosen to park along the roadway in front of Bojangles on hundreds of prior occasions. The record evidence indicates that defendant's manager and employees were aware that customers sometimes parked along the front driveway. No evidence was introduced to suggest that it was a

violation of local ordinance or state law for plaintiff to park along the road in front of Bojangles. Approximately two years earlier, in 2006, another vehicle parked in front of Bojangles was struck from behind, causing damage to a trailer being towed by the truck. No evidence was presented regarding any other accidents along the road in front of Bojangles.

When plaintiff came out of the restaurant on 26 December 2008, he saw that his rear tail light was damaged, and noticed that another truck parked in defendant's parking lot had corresponding damage to its side mirror. Plaintiff secured the assistance of Officer Cook of the Clayton Police Department, who was eating in Bojangles. Officer Cook directed plaintiff to stand behind plaintiff's truck while Officer Cook took down information from plaintiff's driver's license and truck registration. While plaintiff and Officer Cook stood behind the truck, Ms. Patricia Jones drove her SUV into defendant's parking lot and turned right, heading east along the roadway area where plaintiff had parked his truck. The SUV operated by Ms. Jones struck the back of plaintiff's pickup truck, pinning him between the two vehicles. Ms. Jones testified that when she entered defendant's parking lot and turned right, her attention was diverted by the presence of several police cars in the parking lot to her left and Ms. Jones turned her head to the left. When Ms. Jones returned her attention to the roadway, she was "blinded" because the sun was in her eyes and, as she reached for the overhead visor, her vehicle struck Officer Cook and

plaintiff. Ms. Jones did not recall slowing down or applying her brakes before the accident. Ms. Jones was charged with careless and reckless driving, and in February 2009, Ms. Jones pleaded guilty to careless and reckless driving.

As a result of the accident, Plaintiff sustained severe injuries requiring three months of hospitalization, including amputation of his right leg, loss of sight in his left eye, and left leg and pelvis fractures. On 16 February 2011, plaintiff filed suit against defendant. Prior to trial, Judge Thomas H. Lock denied defendant's motion for summary judgment. Plaintiff's claim came on for trial at the 10 June 2013 Civil Session of Johnston County Superior Court. During trial, the trial court excluded plaintiff's proffered expert testimony that the accident would not have occurred if certain safety features, such as speed bumps, had been in place in defendant's parking lot. After the court made this ruling, plaintiff took a voluntary dismissal without prejudice, pursuant to N.C. Gen. Stat. § 1A-1, Rule 41. Plaintiff refiled his claim on 6 September 2013. Plaintiff's complaint alleged that defendant had negligently failed to maintain the parking lot area in a reasonably safe manner. Defendant filed an answer on 6 November 2013, denying the material allegations of plaintiff's complaint and raising various defenses, including plaintiff's contributory negligence and Ms. Jones's intervening and superseding negligence. Defendant moved for summary judgment on 18 December 2014. **24)** On 9 February 2015, the

trial court entered an order granting defendant's motion and dismissing plaintiff's action with prejudice. Plaintiff appealed.

## II.  Summary Judgment Standard of Review

The standard of review of a trial court's ruling on a motion for summary judgment is well-established:

> Under N.C. Gen. Stat. § 1A-1, Rule 56(a), summary judgment is properly entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "In a motion for summary judgment, the evidence presented to the trial court must be admissible at trial, N.C.G.S. § 1A-1, Rule 56(e) (2003), and must be viewed in a light most favorable to the non-moving party." "We review a trial court's order granting or denying summary judgment *de novo*. Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."

*Patmore v. Town of Chapel Hill, N.C.*, __ N.C. App. __, __, 757 S.E.2d 302, 304 (quoting *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 467, 597 S.E.2d 674, 692 (2004) (internal citation omitted), and *Craig v. New Hanover Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (internal quotation omitted)), *disc. review denied*, 367 N.C. 519, 758 S.E.2d 874 (2014).

> The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact.  This burden may be met "by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his

claim or cannot surmount an affirmative defense which would bar the claim."

*DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681-82, 565 S.E.2d 140, 146 (2002) (quoting *Collingwood v. G.E. Real Estate Equities,* 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)) (other citation omitted).

" '[O]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.' " *Pacheco v. Rogers & Breece, Inc.*, 157 N.C. App. 445, 448, 579 S.E.2d 505, 507 (2003) (quoting *Gaunt v. Pittaway*, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664 (2000), *cert. denied*, 353 N.C. 371, 547 S.E.2d 810 (2001)).

## III. Discussion

Plaintiff argues that the trial court erred by granting summary judgment for defendant on plaintiff's claim for negligence. After careful review of the record, we conclude that plaintiff failed to produce evidence showing that he could make at least a *prima facie* case of negligence, and that the trial court did not err by dismissing his claim.

"To state a claim for common law negligence, a plaintiff must allege: (1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 328, 626 S.E.2d 263, 267 (2006). "[S]ummary judgment is rarely an appropriate remedy in cases of negligence or

contributory negligence. However, summary judgment is appropriate in a cause of action for negligence where 'the forecast of evidence fails to show negligence on defendant's part, or establishes plaintiff's contributory negligence as a matter of law.'" *Frankenmuth Ins. v. City of Hickory*, __ N.C. App. __, __, 760 S.E.2d 98, 101 (2014) (quoting *Stansfield v. Mahowsky*, 46 N.C. App. 829, 830, 266 S.E.2d 28, 29 (1980)). " '[A] [p]laintiff is required to offer legal evidence tending to establish beyond mere speculation or conjecture every essential element of negligence, and upon failure to do so, [summary judgment] is proper.' " *Id.* (quoting *Young v. Fun Services-Carolina, Inc.*, 122 N.C. App. 157, 162, 468 S.E.2d 260, 263 (1996)).

> In order to prove a defendant's negligence in a premises liability case, the plaintiff must first show that the defendant either "(1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." "The ultimate issue which must be decided in evaluating the merits of a premises liability claim[, however,] is . . . whether [the defendant] breached the duty to exercise reasonable care in the maintenance of [its] premises for the protection of lawful visitors."

*Rolan v. Dept. of Agric. & Consumer Servs.*, __ N.C. App. __, __, 756 S.E.2d 788, 795 (2014) (quoting *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 64, 414 S.E.2d 339, 342-43 (1992), and *Burnham v. S&L Sawmill, Inc.*, __ N.C. App. __, __, 749 S.E.2d 75, 80, *disc. review denied*, 367 N.C. 281, 752 S.E.2d 474 (2013) (internal quotation omitted)).

Plaintiff contends that defendant failed to exercise reasonable care for the safety of its customers, on the grounds that defendant allowed two way traffic in the roadway in front of the restaurant and failed to prevent its customers from parking along the roadway in front of the restaurant. We conclude that:

> 1. Assuming, *arguendo*, that defendant was negligent in the design of its parking lot, the careless and reckless driving of Ms. Jones was not foreseeable, and constituted intervening and superseding negligence; and

> 2. Plaintiff's choice to park in front of the restaurant, where two-way traffic was allowed, instead of utilizing a parking space, constitutes contributory negligence as a matter of law.

Ms. Jones admitted in her deposition that when she entered the parking lot she turned her vehicle to the right, while at the same time turning her head to the left to look at law enforcement officers' cars parked in the lot. Thus, as she drove towards plaintiff, she was looking to the side. When Ms. Jones turned her attention back to the road, the sun was in her eyes and she almost immediately struck plaintiff and Officer Cook. Ms. Jones also admitted that after turning right onto the roadway in front of Bojangles, she did not slow down or apply her brakes. In addition, Ms. Jones pleaded guilty to careless and reckless driving. We conclude that Ms. Jones's negligent driving was the immediate proximate cause of plaintiff's injuries. *See, e.g.*, *Thompson v. Bradley*, 142 N.C. App. 636, 544 S.E.2d 258 (2001):

> "Negligence is the failure to exercise proper care in the performance of a legal duty owed by a defendant to a plaintiff under the circumstances." The relevant duty in

> this case is that of an automobile driver; the driver owes a
> duty towards his or her passengers to exercise reasonable
> and ordinary care for their safety. . . . This duty of care was
> breached if, as alleged in the complaint, [defendant]
> operated her car in a careless and reckless manner, drove
> at an unsafe speed, failed to decrease speed to avoid a
> collision, and generally failed to keep the car under proper
> control.

*Thompson*, 142 N.C. App. at 640, 544 S.E.2d at 261 (quoting *Cassell v. Collins*, 344

N.C. 160, 163, 472 S.E.2d 770, 772 (1996)) (other citations omitted).

Defendant has no duty to protect its customers from the unforeseeable acts of

third parties.

> We have stated that "[n]o legal duty exists unless the
> injury to plaintiff was foreseeable and avoidable through
> due care." The criminal acts of a third party are generally
> considered "unforeseeable and independent, intervening
> cause[s] absolving the [defendant] of liability." For this
> reason, the law does not generally impose a duty to prevent
> the criminal acts of a third party.

*Bridges v. Parrish*, 366 N.C. 539, 541, 742 S.E.2d 794, 796-97 (2013) (quoting *Stein,*

360 N.C. at 328-29, 626 S.E.2d at 267-68). In this case, plaintiff has not introduced

any evidence that Ms. Jones's careless and reckless driving was foreseeable by

defendant. We conclude that, even assuming that the parking lot design was

defective, Ms. Jones's negligence constituted an unforeseeable intervening cause.

We further conclude that plaintiff's actions were contributorily negligent. It is

undisputed that, although defendant provided clearly marked parking spaces for the

use of its customers, plaintiff chose to park along the roadway in front of the

restaurant for his own convenience. Plaintiff admitted that he had patronized Bojangles on hundreds of occasions and had parked in the area in front of the restaurant hundreds of times. Assuming, for the purposes of argument, that allowing two way traffic along the roadway in front of Bojangles increased the likelihood of injury to a customer who chose to park there, this is not a hidden danger, but one that was equally apparent to plaintiff. "Reasonable care requires that the landowner not unnecessarily expose a lawful visitor to danger and give warning of hidden hazards of which the landowner has express or implied knowledge." . . . *Thomas v. Weddle*, 167 N.C. App. 283, 290, 605 S.E.2d 244, 248-49 (2004) (internal quotation mark omitted). " 'A landowner is under no duty to protect a visitor against dangers either known or so obvious and apparent that they reasonably may be expected to be discovered . . . [and] need not warn of any apparent hazards or circumstances of which the invitee has equal or superior knowledge.' " *Burnham*, __ N.C. App. at __, 749 S.E.2d at 80 (quoting *Von Viczay v. Thoms*, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000), *aff'd*, 353 N.C. 445, 545 S.E.2d 210 (2001) (per curiam)). Rather, "[a] reasonable person should be observant to avoid injury from a known and obvious danger." *Farrelly v. Hamilton Square*, 119 N.C. App. 541, 546, 459 S.E.2d 23, 27 (1995) (citation omitted).

Not only was the traffic pattern in front of Bojangles readily visible to plaintiff, but the alleged risk arose <u>not</u> from a condition or circumstance of the parking lot,

such as the presence of ice, but from plaintiff's voluntary choice to park along an unmarked stretch of the driveway instead of in a parking space. "Prudence, rather than convenience, should have motivated the plaintiff's choice. . . . 'If two ways are open to a person to use, one safe and the other dangerous, the choice of the dangerous way, with knowledge of the danger, constitutes contributory negligence . . . which will bar his recovery.'" *Rockett v. City of Asheville*, 6 N.C. App. 529, 533, 170 S.E.2d 619, 621 (1969) (quoting *Dunnevant v. R. R.*, 167 N.C. 232, 233, 83 S.E. 347, 348 (1914)). For example, in *Kelly v. Regency Ctrs. Corp.*, 203 N.C. App. 339, 343, 691 S.E.2d 92, 95-96 (2010), the plaintiff qualified for handicapped parking but chose to park in a non-handicapped parking space and was injured when she stumbled at the curb. We held that:

> Evidence forecast that [the plaintiff] had been a frequent patron of the K&W Cafeteria prior to the accident. It is well settled that a person is contributorily negligent if he or she knows of a dangerous condition and voluntarily goes into a place of danger. In other words, "[w]hen an invitee sees an obstacle not hidden or concealed and proceeds with full knowledge and awareness, there can be no recovery."

(citing *Dunnevant*, and quoting *Wyrick v. K-Mart Apparel Fashions*, 93 N.C. App. 508, 509, 378 S.E.2d 435, 436 (1989)). In this case, plaintiff's own actions in parking on the roadway in front of Bojangles constitutes contributory negligence.

On appeal, plaintiff argues that he cannot be deemed to be contributorily negligent, on the grounds that he stood behind his truck at the direction of a law enforcement officer, and that the law enforcement officer executed an affidavit stating

that the officer did not perceive any danger in standing behind the truck. Plaintiff's argument suffers from two flaws. First, plaintiff's contributory negligence did not consist of standing behind his truck with the law enforcement officer, but of parking along the lane of traffic rather than in a marked parking space. Secondly, to the extent that the officer's affidavit tends to establish that standing in the road behind the truck was not unreasonable, this only serves to underscore the fact that Ms. Jones's criminally negligent driving was not foreseeable. The undisputed evidence established that in twelve years of defendant's operation, only one accident had occurred in the roadway area in front of the restaurant, resulting in property damage to a trailer towed a by truck but no personal injury.

Having reached these conclusions, we do not need to address the issues of whether plaintiff produced evidence that the design of the parking lot was a breach of defendant's duty to exercise reasonable care, or whether plaintiff produced any evidence that the design of the parking lot, rather than plaintiff's voluntary choice to park in an unmarked area along the roadway instead of in a marked parking space, was a proximate cause of his injuries.

For the reasons discussed above, we conclude that the trial court did not err by granting summary judgment in favor of defendant.

AFFIRMED.

Judges CALABRIA and ELMORE concur.