JOHN SHERMAN MATHIS v. WALTER GASTON MARLOW.

(Filed 15 April, 1964.)

1. **Automobiles § 19;    Negligence § 10—**

Defendant's original negligence, relied on as the basis for recovery, is barred by contributory negligence and cannot be relied on as the basis of the doctrine of last clear chance, and the doctrine of last clear chance applies only if defendant has a sufficient interval of time to avoid injury after the acts or omissions constituting negligence and contributory negligence have transpired and defendant saw or should have seen plaintiff's position of peril.

2. **Automobiles § 45—**

Evidence tending to show that plaintiff stepped into the street between intersections where there was no marked crosswalk while vehicles were stopped in response to a traffic control light, that the light changed while plaintiff was crossing the street, and that he was struck by defendant's car as he stepped from behind a parked car immediately in front of defendant's car, and that defendant stopped immediately upon seeing plaintiff in front of him, *is held* insufficient predicate for the submission of the issue of last clear chance, since the evidence does not place plaintiff in a position of peril until it was too late for the doctrine to be invoked.

APPEAL by defendant from *Gambill, J.,* Regular September Civil Session 1963 of WILKES.

This is a civil action to recover for personal injuries received by the plaintiff about 3:30 p.m. on Saturday, 3 March 1962, when the traffic was heavy on Tenth Street in the Town of North Wilkesboro.

Tenth Street is a one-way street with traffic moving from the south toward the north, with two lanes for travel and lanes for parking on the east side and west side. The accident complained of occurred between C Street and B Street, both of which run east and west intersecting Tenth Street. At both ends of the block in which the accident occurred traffic was controlled by electric traffic signal lights. There were no crosswalks in said block except at the traffic lights.

The defendant's car, which was being driven at the time by his son, Jerry Lee Marlow, accompanied by his mother, Mrs. Doris Marlow, and his sister, Oleen Marlow, had stopped for a red light at the intersection of Tenth and C Streets. The defendant's car was the second or third car from the traffic light. The car was stopped, waiting for the traffic light to change from red to green.

The plaintiff, according to his testimony, was about 90 feet south of the intersection of Tenth and C Streets when he stepped from the sidewalk on the east side of Tenth Street while the light was red, and passed between two parked vehicles. "I started to the west side 'twixt them and I got about the second lane and this car struck me. * * * It knocked me down, partly down." The automobile of the defendant was standing still when plaintiff started across the street. Plaintiff further testified, "I was in about the third lane from the east side of the street. He was close on me when he struck me. It was the left front fender of the car that struck me. * * * I didn't see the light change. I looked at the light just before he struck me. I guess I had went five or ten steps or something out there after I went off the sidewalk. * * * I was in the second lane after you pass the parking lane. * * * It was the left front fender of the Marlow car that struck me. I went back to the east side of the street after I was hit. My feet was closer to the west side of the street but my head was closer to the east side. I went down when I was hit."

Jerry Lee Marlow, the driver of the defendant's car, testified that he had stopped the car behind another car in front of him waiting for the light to change, "and when it changed, I started to move on just as the man stepped in front of the car. I was headed for Winn-Dixie and was in the right-hand lane. I hit the man just as I saw him. He come around the car and asked me couldn't I see as big a thing as a man and I told him, 'No, I couldn't see him in time.' I stopped when I hit him. The traffic was heavy at the time. * * * The right front fender hit Mr. Mathis."

The other two occupants of the Marlow car testified that the Marlow car was in the right-hand traffic lane when the accident occurred; that the plaintiff stepped directly out in front of the car and that is when the accident occurred. These witnesses testified that the right side of the vehicle struck Mr. Mathis.

The only eyewitness to testify for the plaintiff testified, "Mr. Mathis was sorta more or less in a crouched position when I saw him pulling himself up, and he was on his feet when I saw him. He walked on to the west side of the car and then walked down on the west side * * *. The Buick automobile that Jerry Marlow was driving was in the right lane, the right side."

The defendant tendered issues of negligence, contributory negligence and damages. The court refused to submit these issues and the defendant excepted.

The court submitted issues of negligence, contributory negligence, last clear chance, and damages.

The jury answered the issues of negligence and contributory negligence in the affirmative. The issue of last clear chance was answered by the jury in favor of the plaintiff and the jury assessed damages.

The defendant appeals from the judgment entered on the verdict and assigns error.

*T. R. Bryan and Ferree & Brewer for appellee.*
*Hayes & Hayes for appellant.*

DENNY, C.J.   The decisive question on this appeal is whether or not the evidence was sufficient to take the case to the jury on the third issue.

There is nothing in the evidence which tends to show that the defendant's automobile moved more than a few feet after the traffic signal changed before it came in contact with the plaintiff. Likewise, the evidence is clearly to the effect that the driver of the defendant's car stopped the car immediately upon seeing the plaintiff in front of him. The plaintiff testified that the Marlow car was still when he stepped into the street. The driver of defendant's car was not guilty of negligence by stopping in a line of vehicular traffic at a red traffic signal. It would seem that the only negligence, if any, on the part of the driver of the defendant's car was in starting the car after the light changed without ascertaining that the movement could be made in safety. If negligence in this respect be conceded, it would necessarily have to be the negligence upon which the jury answered the first issue in the affirmative.

We do not think the evidence before us places the plaintiff in a perilous position until it was too late for the doctrine of last clear chance to be invoked. "The doctrine is clearly inapplicable where the peril and defendant's discovery of the peril or his duty to discover it arose so shortly before the accident as to afford him no opportunity by the exercise of the greatest possible diligence, to avoid the injury. The doctrine contemplates a last 'clear' chance, not a last 'possible' chance, to avoid the accident; it must have been such a chance as would have enabled a reasonably prudent man in like position to have acted effectively." 65 C.J.S., Negligence, section 137 (2) e., page 774, et seq.

The original or primary negligence of a defendant, which would warrant answering the first issue in the affirmative, cannot be relied upon by the plaintiff to recover under the last clear chance doctrine. A recovery on the original negligence is barred in such cases by the plaintiff's contributory negligence. The plaintiff's right to recover, notwithstanding his own negligence, must arise out of a factual situation which gave the defendant an opportunity, through the exercise of reasonable care, to have avoided the injury to him but failed to do so. Aydlett v. Keim, 232 N.C. 367, 61 S.E. 2d 109; Manufacturing Co. v. R. R., 233 N.C. 661, 65 S.E. 2d 379; Wade v. Sausage Co., 239 N.C. 524, 80 S.E. 2d 150; Irby v. R.R., 246 N.C. 384, 98 S.E. 2d 349; Gunter v. Winders, 256 N.C. 263, 123 S.E. 2d 475; McMillan v. Horne, 259 N.C. 159, 130 S.E. 2d 52.

In McMillan v. Horne, supra, Higgins, J., speaking for the Court, said: "Ordinarily the last clear chance involves the conduct of a defendant after his negligence and the plaintiff's contributory negligence have had their play, still leaving the defendant time and opportunity to avoid the injury notwithstanding what both parties have previously done, or failed to do. In essence, the issue is one of proximate cause."

In the case of Ingram v. Smoky Mountain Stages, 225 N.C. 444, 35 S.E. 2d 337, Barnhill, J., later C.J., said: "Its application (the last clear chance) is invoked only in the event it is made to appear that there was an appreciable interval of time between plaintiff's negligence and his injury during which the defendant, by the exercise of ordinary care, could or should have avoided the effect of plaintiff's prior negligence. (Citations omitted.)

"Plaintiff may not recover on the original negligence of defendant for such recovery is barred by his own negligence. The duty resting on the defendant, the breach of which imposes liability under the doctrine, arises after the plaintiff has placed himself in a perilous position and (it) is the duty (of the defendant), after notice express or implied, of plaintiff's situation, to exercise reasonable care to avoid the impending

injury. It is what defendant negligently did or failed to do after plaintiff put himself in peril that constitutes the breach of duty for which defendant is held liable."

In our opinion, the trial court committed error in submitting the third issue and we so hold. This issue will be stricken, leaving the issue of damages without support. The answer to that issue also will be stricken.

The case is remanded to the Superior Court of Wilkes County where judgment will be entered on the issues of negligence and contributory negligence, denying recovery and dismissing the action.

Error and remanded.