MARION DOUGLAS McCULLOUGH, JR. v. AMOCO OIL COMPANY

No. 537A83

(Filed 6 March 1984)

**Automobiles and Other Vehicles § 62.2— striking of pedestrian—insufficient evidence of negligence and last clear chance—contributory negligence**

In an action to recover for injuries suffered by plaintiff pedestrian when he was struck by defendant's oil tanker, defendant was entitled to summary judgment on the issue of negligence where (1) defendant presented evidence from its driver, two eyewitnesses and the investigating officer that defendant's driver was traveling at a reasonable speed in his proper lane of travel as he approached a fork in the highway, that while maintaining a lookout, the driver observed plaintiff in the grass median between the two branches of a fork in the highway, that plaintiff was running toward the southern branch from behind a large directional sign and telephone pole in the median, that plaintiff ran out onto the southern branch of the highway into the immediate path of the oncoming oil tanker, that the driver braked the vehicle and the vehicle stopped almost immediately after impact, and that plaintiff was observed lying underneath the tanker "in the roadway"; (2) the physical facts belie a conclusion that the oil tanker deviated from its proper lane of travel and struck plaintiff as he was on the median waiting to cross the highway; and (3) plaintiff's evidence, contrary to that of two eyewitnesses, at best suggested that he stopped in the grass median for some period of time prior to entering the highway. Furthermore, plaintiff's contributory negligence appears without contradiction and there was no forecast of evidence of a last clear chance on the part of defendant's driver to avoid the collision.

DEFENDANT appeals from a decision of the Court of Appeals, 64 N.C. App. 312, 307 S.E. 2d 208 (1983), one judge dissenting, reversing summary judgment in favor of defendant, entered by *Kivett, J.*, at the 3 June 1982 Civil Session of Superior Court, GUILFORD County. Heard in the Supreme Court 14 February 1984.

The sole issue on appeal is whether the Court of Appeals erred in reversing the trial court's entry of summary judgment in favor of the defendant. We hold that it did and therefore reverse the decision of the Court of Appeals.

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Norwood Robinson, Leon E. Porter, Jr. and Ann Guttenberger Sugg, Attorneys for defendant-appellant.*

*Forman and Hall, P.A., by Paul E. Marth, Attorney for plaintiff-appellee.*

MEYER, Justice.

By complaint filed 27 March 1981, the plaintiff, then a student at Kernersville Wesleyan Academy, alleged that on 7 March 1979, Noel G. Mathlery was employed by the defendant Amoco Oil Company as a driver of a vehicle in its tanker fleet, and at all times relevant was acting in the course and scope of this employment. The complaint further alleges that:

4. At approximately 11:00 a.m. on March 7, 1979, Noel G. Mathlery was proceeding in an eastward [amended by motion to *westward*] direction along Old U.S. 421 in the area of Kernersville Wesleyan Academy. The weather was clear, and the road surface over which he was traveling was dry and free of defects. While driving in said location, Noel G. Mathlery did negligently, carelessly, and recklessly run down and strike the plaintiff, who was standing on the shoulder of the road, resulting in severe and permanent injuries and disfigurement.

5. The sole and proximate cause of the collision and the resulting injuries sustained by plaintiff was the negligence of Noel G. Mathlery which is imputed to defendant Amoco Oil Company. The agent was negligent in the following respects:

(a) He operated the Amoco truck carelessly and heedlessly in wanton disregard of the rights and safety of the plaintiff, in violation of N.C.G.S. Sec. 20-140(a);

(b) He operated said truck upon a highway without due caution and circumspection at a speed and in a manner so as

to endanger the person of the plaintiff, in violation of N.C.G.S. Sec. 20-140(b);

(c) He operated said truck upon a highway at a speed greater than is reasonable and prudent under the conditions then existing, in violation of N.C.G.S. Sec. 20-141(a);

(d) He operated said truck upon a highway without keeping a proper lookout, without paying proper attention to his driving, and without keeping his vehicle under proper control;

(e) He operated said truck upon a highway in a school zone at a speed in excess of the posted speed limit of 35 miles per hour.

In its answer the defendant denied all allegations of negligence and raised as a further defense plaintiff's contributory negligence. Plaintiff replied raising an issue of last clear chance. In addition to the pleadings, the trial judge had before him on defendant's motion for summary judgment the following evidence gleaned from depositions and affidavits of the parties and witnesses: On 7 March 1979 plaintiff McCullough's car was parked in a shopping center on the north side of Highway 421. Normally he parked on the south side of Highway 421 in front of the school, but he and several other students had been restricted from driving their cars on school property because they had failed to sign out during lunch hour. Highway 421 forks into two branches in front of Kernersville Wesleyan Academy. The northern branch, initially accommodating one-way traffic north, leads into downtown Kernersville. The southern branch of the highway remains a two-way highway for traffic going to and from Interstate 40. A triangular grass median separates the two branches of the fork.

At 10:50 a.m. on the day of the accident McCullough left school, crossed the southern branch of 421, the median, and the northern branch, and retrieved a business math book which he had left in his car. His business math class was scheduled to begin at 11:00 a.m. He recalled possibly jogging back to the northern fork of the road where he stopped to wait for two cars to pass. He then crossed the grass median between the two branches. McCullough stated:

I stopped two feet from the northern edge of the pavement of the left [southern] branch at Old 421 and looked in a westerly direction. There were two vehicles coming headed in a easterly direction. One was a Trans Am, which I was interested in watching, so I watched it as it traveled past me. I then saw a car go past me in the westerly direction toward Winston-Salem. That is the last thing I remember. I am not sure whether I jogged or not from the edge of the right [northerly] branch to the edge of the left [southerly] branch. The weather on the occasion of the accident was sunny.

Noel G. Mathlery, the driver of defendant's oil tanker, testified by deposition that on the morning of 7 March 1979 he was driving in a westerly direction on Highway 421. As he approached the section of the highway that forks into the northern and southern branches, he was traveling at approximately 40 to 45 miles per hour. He stated that

the first time I saw Mr. McCullough he was running toward the highway from behind a large directional sign and telephone pole or power line pole in the median. Sitting in the truck cab, my view of the median was blocked by the sign and pole. At no time as I was proceeding under the railroad bridge coming in a westerly direction on 421, did I see [the plaintiff] coming across the first fork in the road that goes to Kernersville. When I saw Mr. McCullough I was starting to hit my brakes.

Mathlery noted that McCullough "was running, looking back [to his right], and I knew that I was going to hit him."

There were two eyewitnesses to the accident. Henry K. Von Herman was a passenger in an automobile which was heading west on Highway 421. His testimony, in pertinent part, was as follows:

4. As we entered the one-way northern branch, I saw a male youth running very briskly across the highway from the right shoulder of that branch. He ran continuously at that pace from the northern branch, across the triangular median, and out on the westbound lane of the southern branch, into the path of an oncoming oil tanker. I had looked toward the southern branch and had seen the westbound oil tanker.

When the youth did not stop then, I knew he was going to be hit by the truck, so I prayed that he would get across the highway. The truck came to a very quick stop after impact. It did not appear, at any point, to be traveling in excess of a safe speed for that area.

Michael Truta was preparing to travel east at the westbound lane of the southern branch of Highway 421 at the time of the accident. He stated:

Before turning left to continue east, I saw for the first time someone running across the highway at a gait somewhere between a jogging pace and an all out sprint. I also saw an oil tanker approaching from the east just as it approached the split in Highway 421. As I turned left, the pedestrian ran from a point in the northern branch, across the median strip, and onto the westbound lane of the southern branch into the immediate path of the tanker. While running, he had his head turned toward my position on the highway; he never turned his head towards the approaching tanker until it was right on top of him. The tanker stopped quickly after impact indicating that it was traveling at a reasonable rate of speed. I do not see how the driver could have avoided the accident.

Mr. Truta observed that the plaintiff was wearing a bright yellow shirt and white pants "which made him very visible." He did not hear Mathlery blow his horn, nor did he observe Mathlery swerve his vehicle or slow down before striking the plaintiff.

Rick Hughes, the investigating officer, arrived at the scene of the accident shortly after 11:00 a.m. The plaintiff was lying underneath defendant's tanker "in the roadway." There were no markings or signs either on the highway adjacent to the median or beside it indicating a school zone or pedestrian crossing. The speed limit in that area was 45 miles per hour.

As a result of the injuries sustained in the accident, McCullough was hospitalized for nearly two months and incurred substantial medical expenses.

The Court of Appeals, in reversing the trial court's entry of summary judgment on the issue of defendant's negligence, conceded that

McCullough v. Amoco Oil Co.

[h]ad McCullough stated in his deposition that after getting his math book he started back towards school and does not thereafter remember what happened, summary judgment clearly would have been appropriate since negligence is not presumed from the mere fact that an accident or injury occurred—the accident or injury alone does not raise an inference of negligence.

64 N.C. App. at 315-16, 307 S.E. 2d at 211.

That court considered as significant, however, the fact that plaintiff "specifically remember[ed] stopping two feet from the edge of the pavement and watching cars pass in both directions. Thereafter, plaintiff was struck." The Court of Appeals continued:

And it does not matter that the driver of the tanker and two disinterested witnesses contradict McCullough and say that he never stopped at the edge of the pavement. Judges cannot accredit the testimony of the disinterested witnesses and discredit the testimony of obviously interested witnesses, however sparse that testimony may be. The weight and credit of the testimony is for the jury to decide. Further, the evidence indicates that the driver of the tanker was travelling on a straight highway with little traffic in front of him on a clear and sunny day. Although the northern branch and the grassy median between the two branches were visible to the truck driver, he never saw McCullough until it was too late for him to stop. McCullough had on brightly colored clothing and was visible to drivers and passengers in nearby vehicles.

64 N.C. App. at 316, 307 S.E. 2d at 211.

In determining whether summary judgment is appropriate under the facts of any given case it is incumbent on the moving party to prove that an essential element of the opposing party's claim is nonexistent, or, through discovery, that the opposing party cannot produce evidence to support an essential element of his or her claim. *Lowe v. Bradford,* 305 N.C. 366, 289 S.E. 2d 363 (1982); *Bone International, Inc. v. Brooks,* 304 N.C. 371, 283 S.E. 2d 518 (1981). As provided in Rule 56(c) of the North Carolina Rules of Civil Procedure, summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admis-

sions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." "[A] fact is material if it would constitute or would irrevocably establish any material element of a claim or defense." *Bone International, Inc. v. Brooks,* 304 N.C. at 375, 283 S.E. 2d at 520.

In support of its motion for summary judgment, the defendant submitted the deposition of its employee/driver, Noel G. Mathlery, and the affidavits of two eyewitnesses and the investigating officer who reached the scene shortly after the accident. This evidence refutes a claim of actionable negligence on the part of the defendant. It appears from this evidence that Mathlery was traveling at a reasonable speed, well within the speed limit, and in his proper lane of travel as he approached the fork on Highway 421; that he customarily slowed his vehicle as he approached this area of Highway 421; that while maintaining a lookout, he observed the plaintiff in the grass median between the branches of the fork; that plaintiff was running toward the southern branch from behind a large directional sign and telephone or power line pole in the median; and that Mathlery then "gripped the steering wheel with both hands, pushed the clutch in and stomped the brakes." The vehicle stopped almost immediately after impact. The evidence of record further discloses that the plaintiff ran out onto the westbound lane of the southern branch of Highway 421 into the immediate path of the oncoming oil tanker. Also of record is a photograph of the oil tanker as it appeared in a stationary position after the impact, still fully within its lane of travel. Plaintiff was observed lying underneath the tanker "in the roadway."

Under these circumstances the burden shifted to the plaintiff to affirmatively set forth *"specific facts"* showing that there existed a triable issue of fact, as required by Rule 56(e) of the North Carolina Rules of Civil Procedure. *Lowe v. Bradford,* 305 N.C. at 371, 289 S.E. 2d at 367. Here the plaintiff failed to meet his burden. In addition to the testimony of witnesses, the physical facts belie a conclusion that the oil tanker deviated from its proper lane of travel and struck plaintiff as he was on the median waiting to cross the highway. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88 (1938). Nor do we consider significant whatever factual dispute exists as to whether the plaintiff first stopped two

feet from the northern edge of the southern branch of Highway 421 and then darted in front of the oil tanker, or whether he ran continuously from the northern branch across the triangular median prior to darting in front of the oil tanker. The determining event was plaintiff's decision to cross at the moment he did. Plaintiff has no recollection of this decision. Plaintiff's evidence, contrary to that of the two eyewitnesses, at best suggests that he stopped in the grass median for some period of time prior to entering the highway. Mathlery's view, by his own testimony, was initially "blocked by the sign and pole." Three witnesses described in consistent detail plaintiff's precipitous movement as he emerged from the median into the path of the oncoming tanker, evidence which plaintiff was unable to explain and therefore does not contradict. Thus, the evidence is uncontroverted that plaintiff eventually came into Mathlery's view, left the median, entered the westbound lane of the southern branch, and ran "into the immediate path of the tanker." Under these circumstances, Mathlery could not have reasonably been expected to anticipate plaintiff's movement, thereby avoiding the accident.

The trial judge correctly concluded that there was no genuine issue as to any material fact. Defendant is entitled to summary judgment on the issue of negligence. Furthermore, assuming *arguendo* that sufficient evidence of Mathlery's negligence could be found, plaintiff's contributory negligence appears without contradiction. *See Pinkston v. Connor*, 63 N.C. App. 628, 306 S.E. 2d 132 (1983), *aff'd*, 310 N.C. 148, 310 S.E. 2d 347 (1984). Again, assuming the driver's negligence *arguendo* and the plaintiff's contributory negligence as shown by the affidavits and deposition, there has been no forecast of evidence of a last clear chance on the part of the defendant's driver to avoid the collision. *See Watson v. White*, 309 N.C. 498, 308 S.E. 2d 268 (1983).

The decision of the Court of Appeals is reversed and the case is remanded to the Court of Appeals for further remand to the Superior Court, Guilford County, for reinstatement of the summary judgment entered by the trial court in favor of the defendant.

Reversed and remanded.