NO. COA13-870

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

HAZEL B. SIMS,
     Plaintiff-Appellant,

     v.                                    Catawba County
                                           No. 10 CVS 3569
GRAYSTONE OPHTHALMOLOGY
ASSOCIATES, P.A.; GRAYSTONE
SURGERY, LLC; GRAYSTONE EYE
SURGERY OF HICKORY, LP d/b/a
GRAYSTONE EYE SURGERY CENTER;
GRAYSTONE OPHTHALMOLOGY SUGERY
CENTER, PLLC; JAMES W. HARRIS;
RANDALL J. WILLIAMS.; ANN K.
JOSLYN; T. REGINALD WILLIAMS; JOHN
G. TYE; RALPH E. OURSLER; and
RICHARD I. CHANG,
     Defendant-Appellees.


     Appeal by plaintiff from order entered 15 January 2013 by

Judge Timothy S. Kincaid in Catawba County Superior Court.

Heard in the Court of Appeals 6 January 2014.


     *Grant Richman, PLLC, by Robert M. Grant, Jr., for
     plaintiff-appellant.*

     *Baucom, Claytor, Benton, Morgan & Wood, P.A., by James F.
     Wood, III, for defendant-appellee.*


     McCULLOUGH, Judge.


     Hazel B. Sims ("plaintiff") appeals from the trial court's

order  granting  summary  judgment  in  favor  of  Graystone

Ophthalmology Associates, P.A. ("defendant").  For the following reasons, we reverse.

## I. Background

The underlying facts of this case were agreed to in stipulations by the parties.  These stipulations can be summarized as follows:  Plaintiff was a patient of Dr. James W. Harris of defendant and was present on the premises of defendant for a vision examination on 5 November 2007.  While on defendant's premises, plaintiff was seated on a rolling chair for her vision examination.  After taking a seat, but prior to the examination, plaintiff fell from the rolling chair and fractured her right proximal humerus at the right shoulder and her right hip at the right intertrochanteric femur.  Plaintiff incurred considerable costs for treatment and rehabilitation.

On 5 November 2010, plaintiff initiated this action by filing a complaint against defendant and others associated with defendant.  In the complaint, plaintiff alleged the named defendants "were jointly and severally negligent . . . by placing [her] in the rolling stool or chair from which she fell . . . when they knew or should or [sic] known that such stools or chairs, without arms or handles, were dangerous to elderly patients such as [her]" and "[t]hat as the direct and proximate

result of the negligence . . . , [she] has been damaged in excess of Ten Thousand Dollars ($10,000.00)."

The named defendants answered plaintiff's complaint on 26 May 2011 asserting various affirmative defenses, including contributory negligence. The named defendants later filed a motion for summary judgment on 4 December 2012.

Prior to a hearing on the motion for summary judgment, the parties stipulated that defendant was the proper party to be sued and all other named defendants were dismissed from the action. The motion for summary judgment then came on to be heard in Catawba County Superior Court on 14 January 2013, the Honorable Timothy S. Kincaid, Judge presiding.

Upon consideration of the pleadings, depositions, stipulations, and arguments of counsel, by order filed 15 January 2013, the trial court granted summary judgment in favor of defendant and taxed the costs of the action against plaintiff. Plaintiff filed notice of appeal on 14 February 2013.

## II. Discussion

The sole issue raised on appeal is whether the trial court erred in granting summary judgment in favor of defendant.

### Standard of Review

"The standard of review for an order of summary judgment is firmly established in this state. We review a trial court's order granting or denying summary judgment de novo." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Services, LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012).

> [S]uch judgment is appropriate only when the record shows that "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." *Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007) (citations and quotation omitted). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001) (citation omitted).

*In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).

> The party moving for summary judgment has the burden of establishing the lack of any triable issue. The movant may meet this burden by proving that an essential element of the opposing party's claim is non-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.

*Collingwood v. General Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989) (citations omitted). "If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmovant to present

specific facts which establish the presence of a genuine factual dispute for trial." *In re Will of Jones*, 362 N.C. at 573, 669 S.E.2d at 576.

"The trial court may not resolve issues of fact in deciding a motion for summary judgment and must deny the motion if there is a genuine issue as to any material fact." *Daily Exp., Inc. v. Beatty*, 202 N.C. App. 441, 444, 688 S.E.2d 791, 795 (2010) (citing *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972)). "If there is any question as to the weight of evidence, summary judgment should be denied." *Marcus Bros. Textiles, Inc. v. Price Waterhouse, LLP*, 350 N.C. 214, 220, 513 S.E.2d 320, 325 (1999).

<u>Negligence</u>

Plaintiff contends the trial court erred in granting defendant's motion for summary judgment in the present case because there are genuine issues of material fact concerning whether defendant was negligent in causing plaintiff's injuries and whether plaintiff was negligent in contributing to her injuries.

As our appellate courts have long recognized, "[n]egligence claims and allegations of contributory negligence should rarely be disposed of by summary judgment." *DeHaven v. Hoskins*, 95

N.C. App. 397, 402, 382 S.E.2d 856, 859, *disc. review denied*, 325 N.C. 705, 388 S.E.2d 452 (1989). This is because "'ordinarily it is the duty of the jury to apply the standard of care of a reasonably prudent person.'" *Finley Forest Condominium Ass'n v. Perry*, 163 N.C. App. 735, 739, 594 S.E.2d 227, 230 (2004) (quoting *Abner Corp. v. City Roofing & Sheetmetal Co.*, 73 N.C. App. 470, 472, 326 S.E.2d 632, 633 (1985)). Yet, "'summary judgment for defendant is proper where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of plaintiff, or establishes that the alleged negligent conduct was not the proximate cause of the injury.'" *Hahne v. Hanzel*, 161 N.C. App. 494, 497-98, 588 S.E.2d 915, 917 (2003) (emphasis omitted) (quoting *Williams v. Carolina Power & Light Co.*, 36 N.C. App. 146, 147, 243 S.E.2d 143, 144 (1978), *rev'd on factual grounds*, 296 N.C. 400, 250 S.E.2d 255 (1979)), *disc. review denied*, 358 N.C. 543, 599 S.E.2d 46 (2004).

"It is well established that in order to prevail in a negligence action, plaintiff[] must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages." *Camalier v. Jeffries*, 340 N.C. 699, 706, 460 S.E.2d 133, 136 (1995). Even if evidence of

negligence is presented, plaintiff cannot prevail if the evidence reveals plaintiff was contributorily negligent. *See Cobo v. Raba*, 347 N.C. 541, 545, 495 S.E.2d 362, 365 (1998) ("In this state, a plaintiff's right to recover in a personal injury action is barred upon a finding of contributory negligence.").

In this case, it is uncontested that defendant owed plaintiff a duty of reasonable care and plaintiff suffered damages as a result of her fall from the rolling chair. But in response to plaintiff's arguments that there are issues of fact concerning negligence and contributory negligence, defendant maintains, as it did below, that summary judgment is appropriate because there is no evidence of actionable negligence, there is no evidence of proximate cause, and, in the alternative, plaintiff was contributorily negligent as a matter of law. Considering the evidence in the light most favorable to plaintiff, we disagree with defendant and hold the issues of negligence and contributory negligence should have been presented to a jury. Thus, the trial court erred in granting summary judgment in favor of defendant.

In this case, the issue is not solely whether the chair was a dangerous condition, but, as plaintiff alleged in her

complaint, whether defendant was negligent in placing plaintiff on the rolling chair from which she fell.

Viewing the evidence contained in the depositions and stipulations in the light most favorable to the plaintiff, the evidence tends to show the following: Plaintiff was 86 years old at the time of her fall.  Plaintiff had been a patient of defendant's for over ten years, having two to three appointments per year.  A typical appointment begins with a technician conducting a vision examination.  Plaintiff recalled that the technician usually instructs her to take a seat on an armless rolling chair and move up to the table where the examination machine was located.  This was common procedure and nothing different happened on the day plaintiff fell.

During plaintiff's deposition, plaintiff could not recall exactly what caused her to fall.  But plaintiff did recall she never made it to the table.  Plaintiff testified "I was trying to get my balance and I was trying to get up to the table, but I know I wasn't at the table 'cause I couldn't touch anything.  It seemed like a long time, like I was fighting to get my balance."

Although plaintiff could not remember at her deposition how she fell, stipulations agreed to by the parties provide statements made by plaintiff during an interview just days after

the incident. These statements indicate that after plaintiff was seated in the rolling chair, she leaned to place her purse on another chair in the examination room. Then, as plaintiff shifted her weight back down on the rolling chair, the chair started to roll. Plaintiff attempted to catch herself but there was nothing to grab onto and the chair slipped out from under her, causing plaintiff to fall.

Plaintiff testified no one had ever assisted her with the chair prior to her fall. Although plaintiff was aware the chair was on rollers, plaintiff testified she was unaware of how dangerous it could be. At appointments subsequent to her fall, defendant has assisted plaintiff with the chair.

The evidence tends to show that the staff of defendant was aware of the dangers of the rolling chair. Specifically, the CEO of defendant testified that defendant was aware of one incident prior to plaintiff's fall in which a patient fell when a rolling chair slid out from underneath the patient while she was being seated. Furthermore, at the deposition of the technician performing plaintiff's vision examination on the day of the incident, the technician stated that it was her usual practice to hold the chair and place her foot on the bottom of the chair while a patient is being seated in order to keep the

chair from rolling. Yet, when questioned about the specifics of how plaintiff was seated on the day of plaintiff's fall, the technician indicated she had no specific recollection. The technician did not witness the fall as she was facing away from plaintiff at the time of the fall.

We hold this evidence sufficient to carry the issue of negligence to a jury for determination of whether defendant exercised the degree of care that a reasonable and prudent person would exercise under the circumstances. Although defendant's use of the rolling chair may not itself be negligent, instructing an elderly patient with a purse to sit on the rolling chair and move up to the examination table without offering assistance may be found to be negligent. Additionally, the evidence supports plaintiff's argument that the nature of the rolling stool, i.e. the rollers and lack of arms, was the proximate cause of plaintiff's fall.

Defendant further argues that if it was negligent, summary judgment is appropriate because the danger was open and obvious. *See Kelly v. Regency Centers Corp.*, 203 N.C. App. 339, 343, 691 S.E.2d 92, 95 (2010) ("There is no duty to protect a lawful visitor from dangers which are either known to him or so obvious and apparent that they may reasonably be expected to be

discovered."). While plaintiff was aware the chair was on rollers, in this case, plaintiff was instructed to sit on the rolling chair and move up to the table. Although plaintiff's actions may be found by the jury to constitute contributory negligence, we hold the evidence does not establish contributory negligence as a matter of law.

### III. Conclusion

Taking the evidence in the light most favorable to plaintiff, we hold material issues of fact exist as to whether defendant was negligent and whether plaintiff was contributorily negligent. Thus, we hold the trial court erred in entering summary judgment in favor of defendant.

Reversed.

Chief Judge MARTIN and Judge ERVIN concur.