BERGER, Judge.
 

 *626
 
 Geraldine Patterson ("Plaintiff") appeals from the trial court's order granting summary judgment in favor of Taylor Nicole Worley ("Defendant"). Because Plaintiff was unable to show through pleadings, depositions, or other evidence that Defendant owed her a duty
 
 *627
 
 recognized by North Carolina law, that her contributory negligence would not defeat her claim, or that the doctrine of last clear chance would apply, Defendant was entitled to judgment as a matter of law. We therefore affirm the order of the trial court granting summary judgment to Defendant.
 

 Factual and Procedural Background
 

 On March 28, 2017 at approximately 6:11 p.m., Plaintiff, a pedestrian, left her apartment and began walking eastbound on Spence Avenue towards the Wal-Mart shopping center located in Goldsboro, North Carolina. Defendant was returning home from work, driving northbound in her Lexus sedan. It was a bright, clear, sunny day, and Defendant was traveling approximately thirty-five miles per hour on Spence Avenue in Goldsboro. Spence Avenue is a five-lane road, with two lanes on each side, a turn lane in the middle, and a paved median.
 

 As Plaintiff made her way towards Wal-Mart, she crossed the two southbound lanes of Spence Avenue, and then stopped at the paved median. A vehicle had entered the turning lane, but had come to a stop to allow Plaintiff to cross. In a northbound lane adjacent to the turning lane, a Ford Explorer had also come to a stop because of traffic backed up in its lane. Plaintiff stepped into the road in front of the Explorer and looked around the vehicle to see if the last lane of travel was clear. The Explorer driver blew its horn, and Plaintiff began running across the road. Plaintiff was then immediately hit by Defendant's car and injured.
 

 Plaintiff filed her complaint on August 3, 2017, alleging Defendant had been negligent in the operation of her vehicle when she hit Plaintiff on Spence Avenue. Defendant responded September 21, 2017, alleging,
 
 inter alia
 
 , the affirmative defense of contributory negligence. On January 31, 2018, Defendant moved for summary judgment. After a May
 
 *747
 
 29, 2018 hearing, Defendant's motion for summary judgment was granted by the trial court in a June 5 order. It is from this order that Plaintiff timely appeals.
 

 Standard of Review
 

 On a motion for summary judgment, our standard of review of the trial court's ruling is well-established:
 

 Under [the North Carolina Rules of Civil Procedure], Rule 56(a), summary judgment is properly entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and
 
 *628
 
 that any party is entitled to a judgment as a matter of law. In a motion for summary judgment, the evidence presented to the trial court must be admissible at trial, and must be viewed in a light most favorable to the non-moving party. We review a trial court's order granting or denying summary judgment
 
 de novo
 
 . Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal. The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact. This burden may be met by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.
 

 Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a
 
 prima facie
 
 case at trial.
 

 Blackmon v. Tri-Arc Food Sys., Inc.
 
 ,
 
 246 N.C.App. 38
 
 , 41-42,
 
 782 S.E.2d 741
 
 , 743-44 (2016) (
 
 purgandum
 
 ).
 

 Analysis
 

 On appeal, Plaintiff argues that summary judgment was improperly granted because there remain genuine issues of material fact concerning Defendant's negligence, Plaintiff's contributory negligence, and the application of the last clear chance doctrine. We disagree.
 

 As our appellate courts have long recognized, negligence claims and allegations of contributory negligence should rarely be disposed of by summary judgment. This is because ordinarily it is the duty of the jury to apply the standard of care of a reasonably prudent person. Yet, summary judgment for defendant is proper where the evidence fails to establish negligence on the part of defendant, establishes contributory negligence on the part of plaintiff, or establishes that the alleged negligent conduct was not the proximate cause of the injury.
 

 Sims v. Graystone Ophthalmology Assocs., P.A.
 
 ,
 
 234 N.C.App. 65
 
 , 68,
 
 757 S.E.2d 925
 
 , 927 (2014) (
 
 purgandum
 
 ). Initially, a plaintiff bears
 
 *629
 
 the burden of proving the essential elements of negligence: "that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, and that the plaintiff's injury was proximately caused by the breach."
 
 Martishius v. Carolco Studios, Inc.
 
 ,
 
 355 N.C. 465
 
 , 473,
 
 562 S.E.2d 887
 
 , 892 (2002) (citation omitted). "Even if evidence of negligence is presented, plaintiff cannot prevail if the evidence reveals plaintiff was contributorily negligent."
 
 Sims
 
 ,
 
 234 N.C.App. at 68
 
 ,
 
 757 S.E.2d at 927
 
 .
 

 Our General Statutes provide that "[e]very pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway."
 
 N.C. Gen. Stat. § 20-174
 
 (a) (2017). "[P]edestrians have a duty to maintain a lookout when crossing an area where vehicles travel and a duty to exercise reasonable care for their own safety."
 
 Corns v. Hall
 
 ,
 
 112 N.C.App. 232
 
 , 237,
 
 435 S.E.2d 88
 
 , 90 (1993).
 

 The mere fact that the pedestrian is oblivious to danger does not impose a duty on the motorist to yield the right of way. That duty arises when, and only when, the motorist sees, or in the exercise of reasonable care should see, that the pedestrian is not
 
 *748
 
 aware of the approaching danger and for that reason will continue to expose himself to peril.
 

 Jenkins v. Thomas
 
 ,
 
 260 N.C. 768
 
 , 769,
 
 133 S.E.2d 694
 
 , 696 (1963) (citations omitted). "Although a violation of [ Section] 20-174(a) is not contributory negligence
 
 per se
 
 , a failure to yield the right-of-way to a motor vehicle may constitute contributory negligence as a matter of law."
 
 Meadows v. Lawrence
 
 ,
 
 75 N.C.App. 86
 
 , 89,
 
 330 S.E.2d 47
 
 , 49 (1985) (citation omitted). It is for this reason that
 

 the court will nonsuit a plaintiff-pedestrian on the ground of contributory negligence when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries that no other reasonable conclusion is possible.
 

 The law imposes upon a person
 
 sui juris
 
 the duty to use ordinary care to protect himself from injury. It [is] plaintiff's duty to look for approaching traffic before she attempt[s] to cross the highway. Having started, it [is] her duty to keep a lookout for it as she crosse[s]. Having chosen to walk diagonally across a [multi-]lane highway, vigilance commensurate with the danger to which plaintiff [has] exposed herself [is] required of her.
 

 *630
 

 Blake v. Mallard
 
 ,
 
 262 N.C. 62
 
 , 65,
 
 136 S.E.2d 214
 
 , 216-17 (1964) (citations omitted).
 

 Contributory negligence will not bar an award of damages for Plaintiff if she can prove that Defendant had the last clear chance to avoid the collision, but failed to take action. "The doctrine of last clear chance presupposes antecedent negligence on the part of the defendant and antecedent contributory negligence on the part of the plaintiff, such as would, but for the application of this doctrine, defeat recovery."
 
 Clodfelter v. Carroll
 
 ,
 
 261 N.C. 630
 
 , 634,
 
 135 S.E.2d 636
 
 , 638 (1964).
 

 Where an injured pedestrian who has been guilty of contributory negligence invokes the last clear chance ... doctrine against the driver of a motor vehicle which struck and injured him, he must establish these four elements: (1) That the pedestrian negligently placed himself in a position of peril from which he could not escape by the exercise of reasonable care; (2) that the motorist knew, or by the exercise of reasonable care could have discovered, the pedestrian's perilous position and his incapacity to escape from it before the endangered pedestrian suffered injury at his hands; (3) that the motorist had the time and means to avoid injury to the endangered pedestrian by the exercise of reasonable care after he discovered, or should have discovered, the pedestrian's perilous position and his incapacity to escape from it; and (4) that the motorist negligently failed to use the available time and means to avoid injury to the endangered pedestrian, and for that reason struck and injured him.
 

 Id.
 
 at 634-35,
 
 135 S.E.2d at 639
 
 . "The doctrine contemplates a last 'clear' chance, not a last 'possible' chance, to avoid the accident; it must have been such a chance as would have enabled a reasonably prudent man in like position to have acted effectively."
 
 Mathis v. Marlow
 
 ,
 
 261 N.C. 636
 
 , 639,
 
 135 S.E.2d 633
 
 , 635 (1964) (citation omitted). Last clear chance is "inapplicable where the injured party is at all times in control of the danger and simply chooses to take the risk."
 
 Williams v. Odell
 
 ,
 
 90 N.C.App. 699
 
 , 704,
 
 370 S.E.2d 62
 
 , 66 (1988).
 

 Here, no duty was imposed on Defendant requiring her to yield her right-of-way merely because Plaintiff was oblivious to her danger. Even if Defendant had been able to see Plaintiff coming across Spence Avenue, Defendant owed her no duty unless and until it became apparent that Plaintiff was "not aware of the approaching danger and for that
 
 *631
 
 reason [was going to] continue to expose [her]self to peril."
 
 Jenkins
 
 ,
 
 260 N.C. at 769
 
 ,
 
 133 S.E.2d at 696
 
 . Defendant was driving thirty-five miles per hour and only saw Plaintiff "immediately" before the collision, and without "enough time to slow down or anything." The depositions of two witnesses, Dr. Diane Sutton and Ms. Samantha Lauderdale, support Defendant's memory of the collision. Dr. Sutton testified that Plaintiff had "simply darted out into the road" immediately in front of Defendant's sedan. Ms. Lauderdale confirmed this by testifying that Plaintiff had unexpectedly run out into
 
 *749
 
 the middle of the road as Defendant approached.
 

 Plaintiff is not only unable to establish a duty owed her by Defendant, but the evidence also establishes a duty she owed Defendant. The evidence tends to show that Plaintiff was contributorily negligent when she "darted out into the road" and failed to yield the right-of-way, a duty she owed Defendant. When Plaintiff has an affirmative duty "to yield the right-of-way and all the evidence so clearly establishes the plaintiff-pedestrian's failure to yield the right-of-way as one of the proximate causes of [her] injuries that no other reasonable conclusion is possible, summary judgment should [be] entered in favor of the defendant."
 
 Gaymon v. Barbee
 
 ,
 
 52 N.C.App. 627
 
 , 628,
 
 279 S.E.2d 91
 
 , 92 (1981).
 

 Finally, the last clear chance doctrine is inapplicable here. Defendant did not have "such a chance as would have enabled a reasonably prudent man in like position to have acted effectively."
 
 Mathis
 
 , 261 N.C. at 639, 135 S.E.2d at 635 (citation omitted). Plaintiff was "at all times in control of the danger and simply [chose] to take the risk."
 
 Williams
 
 ,
 
 90 N.C.App. at 704
 
 ,
 
 370 S.E.2d at 66
 
 . On facts similar to those
 
 sub judice
 
 , our Supreme Court ruled in favor of a defendant-driver who had collided with a pedestrian.
 
 McCullough v. Amoco Oil Co
 
 .,
 
 310 N.C. 452
 
 ,
 
 312 S.E.2d 417
 
 (1984). In
 
 McCullough v. Amoco Oil Co.
 
 , the Court found that the defendant was entitled to summary judgment because the plaintiff could not contradict the testimony of the three eyewitnesses and the driver, who "could not have reasonably been expected to anticipate plaintiff's movement, thereby avoiding the accident."
 
 Id
 
 . at 459,
 
 312 S.E.2d at 421
 
 .
 

 Such is the case here. Defendant could not see Plaintiff, or therefore predict Plaintiff's movement, because, just before she darted into the street, she was standing out of view in front of the Ford Explorer. "Assuming [Defendant]'s negligence
 
 arguendo
 
 and [P]laintiff's contributory negligence as shown by the affidavits and deposition[s], there has been no forecast of evidence of a last clear chance on the part of the [Defendant] to avoid the collision."
 

 Id.
 

 *632
 

 Conclusion
 

 Because there is no genuine issue of material fact as to Defendant's negligence, Plaintiff's contributory negligence, or whether the last clear chance doctrine would apply, the trial court did not err in granting summary judgment in favor of Defendant.
 

 AFFIRMED.
 

 Judges ZACHARY and HAMPSON concur.