IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-375

No. COA21-313

Filed 7 June 2022

Durham County, No. 19 CVS 1313

GUILFORD ARCHIE, III, Plaintiff,

v.

DURHAM PUBLIC SCHOOLS BOARD OF EDUCATION, Defendant.

Appeal by Plaintiff from order entered 2 March 2021 by Judge Orlando F. Hudson, Jr., in Durham County Superior Court. Heard in the Court of Appeals 15 December 2021.

*M. Howard Law Office, by Marlon J. Howard, for Plaintiff-Appellant.*

*Cranfill Sumner LLP, by Steven A. Bader and Donna R. Rascoe, for Defendant-Appellee.*

COLLINS, Judge.

¶ 1 Plaintiff Guilford Archie, III, appeals from an order granting summary judgment to Defendant Durham Public Schools Board of Education ("Durham BOE"). Plaintiff argues that there are genuine issues of material fact as to whether he was contributorily negligent and whether Durham BOE's negligence was willful and/or wanton and that Durham BOE was not entitled to judgment as a matter of law. We affirm.

## I. Background

Durham BOE operates the Southern School of Energy and Sustainability ("Southern High School"), a public school located in Durham, North Carolina. Plaintiff Guilford Archie, III, was a high school student at Southern High School in 2016, during which time he played on the school's football team. On 3 October 2016, Plaintiff was hit by a car driven by another student while Plaintiff was walking on school property on a vehicular service road from the school's "football film room" to the school's field house to change for practice.

Plaintiff filed a complaint against Durham BOE on 1 October 2019 alleging negligence and negligent infliction of emotional distress. Durham BOE filed a motion for summary judgment on 15 January 2021 arguing that "[t]here is no evidence, or any forecast of evidence, to support a claim for negligence against Defendant; Plaintiff failed to establish the elements of his negligent infliction of emotional distress claim; and the evidence supports a finding that Plaintiff's claims are barred by contributory negligence." After a hearing, the trial court granted summary judgment on 2 March 2021 in favor of Durham BOE, finding and concluding that "there is no genuine issue as to any material fact with regard to the defense of contributory negligence" as "the evidence supports a finding that Plaintiff's negligence claim is barred by his own contributory negligence" and that "Defendant is entitled to judgment as a matter of law." Plaintiff timely appealed.

## II. Discussion

Plaintiff argues summary judgment was improper because he was not contributorily negligent as a matter of law. Plaintiff further contends that, even assuming he was contributorily negligent, summary judgment was improper as the jury could have determined that Durham BOE acted willfully and wantonly. We address each argument in turn.

### A. Standard of Review

We review a trial court's order granting summary judgment de novo. *Proffitt v. Gosnell*, 257 N.C. App. 148, 151, 809 S.E.2d 200, 203 (2017). Under de novo review, this Court "considers the matter anew and freely substitutes its own judgment for that of the lower [court]." *Blackmon v. Tri-Arc Food Systems, Inc.*, 246 N.C. App. 38, 41, 782 S.E.2d 741, 743 (2016) (quotation marks and citations omitted).

Summary judgment is appropriately entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021). The party moving for summary judgment

> bears the burden of showing that no triable issue of fact exists. This burden can be met by proving: (1) that an essential element of the non-moving party's claim is nonexistent; (2) that discovery indicates the non-moving party cannot produce evidence to support an essential

element of his claim; or (3) that an affirmative defense would bar the [non-moving party's] claim. Once the moving party has met its burden, the non-moving party must forecast evidence demonstrating the existence of a *prima facie* case.

*CIM Ins. Corp. v. Cascade Auto Glass, Inc.*, 190 N.C. App. 808, 811, 660 S.E.2d 907, 909 (2008) (citations omitted).

¶ 7 "[I]n ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any issue of genuine material fact." *Singleton v. Stewart*, 280 N.C. 460, 464-65, 186 S.E.2d 400, 403 (1972) (citations omitted). Summary judgment on the ground of contributory negligence may only be granted "where the [plaintiff's] forecast of evidence fails to show negligence on [the] defendant's part, or establishes [the] plaintiff's contributory negligence as a matter of law." *Blackmon*, 246 N.C. App. at 42, 782 S.E.2d at 744 (quotation marks and citations omitted). We review all the evidence in the light most favorable to the nonmoving party and "determine if the evidence is sufficient to be submitted to the jury." *Hawley v. Cash*, 155 N.C. App. 580, 582, 574 S.E.2d 684, 686 (2002) (quotation marks and citations omitted).

### 1. *Contributory Negligence*

¶ 8 "Contributory negligence is negligence on the part of the plaintiff which joins . . . with the negligence of the defendant alleged in the complaint to produce the injury of which the plaintiff complains." *Proffitt*, 257 N.C. App. at 152, 809 S.E.2d at

204 (quotation marks and citation omitted). Contributory negligence is a bar to recovery if a plaintiff has contributed to their injury in any way. *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 648, 423 S.E.2d 72, 73-74 (1992). "In order to prove contributory negligence on the part of a plaintiff, the defendant must demonstrate: (1) a want of due care on the part of the plaintiff; and (2) a proximate connection between the plaintiff's negligence and the injury." *Proffitt*, 257 N.C. App. at 152, 809 S.E.2d at 204 (quotation marks, brackets, and citations omitted). "'However, a plaintiff may relieve the defendant of the burden of showing contributory negligence when it appears from the plaintiff's own evidence that he was contributorily negligent.'" *Id.* (quoting *Price v. Miller*, 271 N.C. 690, 694, 157 S.E.2d 347, 350 (1967)).

¶ 9       Every person who has the capacity to exercise ordinary care for their "own safety against injury is required by law to do so[.]" *Clark v. Roberts*, 263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965) (citations omitted). If a person fails to exercise such ordinary care, and "such failure, concurring an[d] cooperating with the actionable negligence of defendant, contributes to the injury complained of, he is guilty of contributory negligence." *Id.* "Ordinary care is such care as an ordinarily prudent person would exercise under the same or similar circumstances to avoid injury." *Id.*

¶ 10      "Pedestrians have a duty to maintain a lookout when crossing an area where vehicles travel and a duty to exercise reasonable care for their own safety." *Patterson*

*v. Worley*, 265 N.C. App. 626, 629, 828 S.E.2d 744, 747 (2019) (bracket and citation omitted). While failing to yield the right of way to a motor vehicle is not contributory negligence *per se*, summary judgment in a negligence action on the ground of contributory negligence is proper "when all the evidence so clearly establishes [the plaintiff's] failure to yield the right of way as one of the proximate causes of his injuries[.]" *Blake v. Mallard*, 262 N.C. 62, 65, 136 S.E.2d 214, 216 (1964) (citations omitted). *See Proffitt*, 257 N.C. App. at 167, 809 S.E.2d at 213 (affirming summary judgment for defendant and holding plaintiff was contributorily negligent when he played on a fallen tree in the road and was struck by a vehicle that he thought would stop).

¶ 11     Our review of the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, supports a conclusion that Plaintiff's claim is barred by contributory negligence.

¶ 12     Plaintiff testified in his deposition as follows: He was walking "on the pavement" of the vehicular service road, and not on the grass or beside the road, when he was hit. He was wearing his headphones and listening to music. When Plaintiff had walked on the service road to the field house on prior occasions, he had seen vehicles driving on and using the service road, including cars and a "Gator" utility vehicle. As he walked on the right-hand side of the service road, he "was getting hyped, getting ready for practice, getting in the mood" and was "dancing – in my little

hype moment, but not like breaking-out dancing." As he listened to his music and danced, his leg was hit from behind by the front bumper and tire of a car.

¶ 13 Darius Robinson was the Head Football Coach at Southern High School on the date of the accident. In his affidavit he averred, in pertinent part, as follows:

> 3. I recall the events of 3 October 2016 when two of my football players, Guilford Archie, III and Ezekiel Jennette, were involved in an accident on a road that runs through campus while going to football practice (hereinafter the "Accident");
>
> 4. I did not personally witness the Accident;
>
> 5. I am familiar with the Durham County Public School guidelines for motor vehicles and pedestrians using this road on which the Accident occurred;
>
> 6. There is no written policy regarding use of this road;
>
> 7. The other coaches and I have on a number of occasions asked that the student athletes driving their vehicles from the school buildings to the football field not use this road;
>
> 8. I do not recall giving nor hearing another coach give a verbal reminder of this request on the day of the Accident;
>
> 9. Student athletes did sometimes drive their vehicles on this road to travel between the buildings and the athletic fields;
>
> 10. Other public vehicles and the school's gator also use this road to travel between the buildings and the athletic fields;
>
> 11. Football players are aware that both pedestrians walking to the football field and vehicles use this road;
>
> 12. There is enough room on this road for a vehicle to safely

pass a pedestrian;

13. On October 3, 2016, I was driving down the service road next to the baseball field when I saw the gator in the roadway and a lot of people tending to someone;

14. I approached the gator and saw Guilford Archie in the back of the gator in distress;

15. It was obvious that the Accident had occurred moments before my arrival;

16. I began trying to assist in making Guilford Archie comfortable.

17. As I was holding Guilford Archie, I heard him say the following:

    a. "It's my fault."

    b. "I shouldn't have had my headphones on."

    c. "I shouldn't have been dancing."

    d. "I've messed up my football career."

    e. "I won't be able to play again."

    f. "I'm sorry, Coach."

18. I continued to try to provide comfort to Guilford Archie until the emergency personnel arrived, and I contacted his parents.

¶ 14       Plaintiff's own evidence shows that he was contributorily negligent, relieving Durham BOE of its burden of showing contributory negligence. *Proffitt*, 257 N.C. App. at 152, 809 S.E.2d at 204. Plaintiff's testimony and Robinson's affidavit clearly show that Plaintiff failed in his pedestrian duty "to maintain a lookout" in "an area

where vehicles travel," *Patterson*, 265 N.C. App. at 629, 828 S.E.2d at 747, when he walked with his back to oncoming traffic, while listening to music via headphones and dancing in the road, and that this conduct contributed to his injury. As Plaintiff failed to maintain a safe lookout, the trial court properly granted summary judgment "when all the evidence so clearly establishes his failure to yield the right of way as one of the proximate causes of his injuries[.]" *Blake*, 262 N.C. at 65, 136 S.E.2d at 216.

### 2. *Gross Negligence*

Plaintiff next argues that Durham BOE's "willful and wanton" conduct was gross negligence. Plaintiff has not preserved this issue for appellate review as the record before us does not indicate that Plaintiff raised this argument before the trial court.

In his complaint, Plaintiff' alleged (1) negligence and (2) negligent infliction of emotional distress. In his reply to Defendant's answer, he pled the last clear chance doctrine in response to Durham BOE's affirmative defense of contributory negligence. Plaintiff did not provide this Court with a transcript of the summary judgment hearing. *See* N.C. R. App. P. 7(b) ("A party may order a transcript of any proceeding that the party considers necessary for the appeal."); N.C. R. App. P. 9(a) ("The components of the record on appeal include: the printed record, transcripts, exhibits and any other items . . . filed pursuant to this Rule 9."); *Miller v. Miller*, 92 N.C. App.

351, 353, 374 S.E.2d 467, 468 (1988) ("It is the appellant's responsibility to make sure that the record on appeal is complete and in proper form.") (citation omitted). As our appellate courts have long held, "where a theory argued on appeal was not raised before the trial court, the law does not permit parties to swap horses between courts in order to get a better mount[.]" *State v. Sharpe*, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quotation marks and citations omitted). Plaintiff cannot argue gross negligence for the first time on appeal.

¶ 17        Nonetheless, even assuming arguendo that Plaintiff's argument is properly before us, it is meritless. Gross negligence, if established, overcomes the defense of contributory negligence. *Sloan v. Miller Bldg. Corp.*, 119 N.C. App. 162, 167, 458 S.E.2d 30, 33 (1995). Gross negligence requires evidence tending to show that conduct is willful, wanton, or done with reckless indifference. *Yancey v. Lea*, 139 N.C. App. 76, 79, 532 S.E.2d 560, 562 (2000). Willful conduct is done purposefully and in deliberate violation of the rights of others. *Id.* Wanton conduct is "done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Parish v. Hill*, 350 N.C. 231, 239, 513 S.E.2d 547, 551-52 (1999) (citations omitted).

¶ 18        A plaintiff must come forward with particular evidence of gross negligence to overcome summary judgment. *See Lashlee v. White Consol. Indus., Inc.*, 144 N.C. App. 684, 694, 548 S.E.2d 821, 827 (2001) (holding that plaintiffs "failed to present

sufficient evidence to support a finding that defendants were willfully or wantonly negligent"); *Benton v. Hillcrest Foods, Inc.*, 136 N.C. App. 42, 51, 524 S.E.2d 53, 60 (1999) (holding that plaintiff's evidence, tending to show that a business took no security measures to protect customers despite being located in a high crime area, was not sufficient evidence of gross negligence); *Sawyer v. Food Lion, Inc.*, 144 N.C. App. 398, 403, 549 S.E.2d 867, 870 (2001) (holding that plaintiff's evidence, showing that defendant-employer "allow[ed] holes in the floor to remain uncovered," did not establish willful or wanton conduct).

Plaintiff argues that a jury could have determined that Durham BOE's "failure to have a policy, or having a policy and not enforcing it, regarding the access road and safety of students rose to the level of willful and/or wanton conduct." We disagree. *Lashlee*, *Benton*, and *Sawyer* require that Plaintiff provide particular evidence of Durham BOE's alleged gross negligence, and Plaintiff has failed to do so here. As BOE was not grossly negligent, Plaintiff's contributory negligence bars his recovery. *Sorrells*, 332 N.C. at 648, 423 S.E.2d at 73-74.

### III.    Conclusion

As there was no genuine issue of material fact and Durham BOE was entitled to judgment as a matter of law, the trial court properly granted summary judgment for Durham BOE. *See* N.C. Gen. Stat. § 1A-1, Rule 56(c). The trial court's order is affirmed.

AFFIRMED.

Judges DIETZ and JACKSON concur.